## HARLAN E. NASH, executor, *vs.* INHABITANTS OF SOUTH HADLEY.

Hampshire. Sept. 20. — Oct. 20, 1887. C. ALLEN & HOLMES, JJ., absent.

If a person, who has been injured by a defect in a highway in a town, lives more than ten days in a condition in which it is possible for him to give to the town the notice required by the Pub. Sts. *c.* 52, § 19, and fails to do so, the person named as executor in his will is not entitled, under § 21, to give such notice within thirty days after the death of the testator, but before his appointment as executor.

TORT, by the executor of the will of Erastus Nash, for personal injuries occasioned to the testator by a defect in a highway in the defendant town. Trial in the Superior Court, before *Mason*, J., who ruled that the action could not be maintained, and ordered a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*D. W. Bond*, for the plaintiff.

*R. O. Dwight*, for the defendant.

DEVENS, J. In the case at bar, the person injured lived more than ten days in a condition in which it was possible for him to have given the notice required by statute, as preliminary

to an action against the town for the injury sustained by him. *Mitchell* v. *Worcester*, 129 Mass. 525. Pub. Sts. c. 52, §§ 19, 21. The notice, which is claimed to be sufficient under the statute, was in fact given by his son within thirty days after the decease of the injured person, the son being the executor named in his will, and having been, subsequently to the giving of such notice, appointed executor, upon the probate of the will. Without passing upon the question whether a notice given by one who is subsequently appointed executor of an injured person is now sufficient, although given previously to his appointment as such, if it is in other respects in compliance with the statute, we proceed to consider the contention of the plaintiff, that a sufficient notice may be given by an executor, even when the person injured has survived ten days or more, not exceeding thirty days, and during that time was himself of sufficient capacity to give a notice.

The Pub. Sts. c. 52, § 19, have provided that a notice in writing shall be given by the person injured, or by some one on his behalf, within thirty days after the injury, to the town alleged to be responsible therefor; " but if from physical or mental incapacity it is impossible for the person injured to give the notice within the time provided in said section, he may give the same within ten days after such incapacity is removed, and in case of his death without having given the notice, and without having been for ten days at any time after his injury of sufficient capacity to give the notice, his executor or administrator may give such notice within thirty days after his appointment." Pub. Sts. c. 52, § 21.

It was held in *Taylor* v. *Woburn*, 130 Mass. 494, that a notice might be given by one who was the father of the person injured, who was entitled to administer on his estate, and who was afterwards appointed administrator, as a person giving it on his behalf. That case was decided under the St. of 1877, c. 234, which statute contained in terms no provision for any notice which might be given by an executor or administrator. Such provision is first found in the St. of 1881, c. 236, and is embodied in the Pub. Sts. c. 52, § 21, above recited. The plaintiff urges that this case is governed by precisely the same rules of law, in respect to the death of the person injured without giving notice,

as in the case of *Taylor* v. *Woburn*. But this argument loses sight of the fact, that, since that case was decided, provision has been made for the circumstances under which an executor or administrator may give notice, and that the case at bar is not within them. It is true, that, if the law had remained as it was when *Taylor* v. *Woburn* was decided, the notice in the case at bar would, under that decision, have been held sufficient. But when the Legislature has provided for the circumstances under which a notice may be given by an executor or administrator, it must be understood that it has dealt with the whole subject, and has provided for all the cases in which a notice by either of them will be sufficient. If the effect of this is to deprive a person, or one who represents him, of a right which he might otherwise have had, such effect must be held to have been contemplated by the Legislature. The liability to which towns are subjected for injuries caused by defective ways is entirely statutory, and the provisions of the statute in regard to notice must be followed in order to subject them to it. The construction by which it was held in *Taylor* v. *Woburn* that "the statute authority for another to act for the person interested, and the clear purpose manifested thus to act in behalf of his deceased son," on the part of the father, authorized the decision that a notice given after the decease of the son, by the father, within thirty days after the injury, was sufficient, is not permissible after the Legislature has provided by whom and under what circumstances a notice shall be given when the party injured has died. The rule thus prescribed is the only one to be followed. *Exceptions overruled.*