ANNA C. GUSTAFSEN *vs.* WASHBURN AND MOEN MANUFACTURING COMPANY.

Worcester.    September 29, 30, 1890. — April 3, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Personal Injuries — Employers' Liability Act — Death of Employee — Notice by Widow — Negligence of Employer — Due Care.*

Under the St. of 1887, c. 270, § 3, as amended by the St. of 1888, c. 155, the notice required to be given to an employer upon the instantaneous death of an employee may be given by his widow.

An employee, while engaged during the daytime in the course of his employment in assisting to pull a loaded car along a railroad track on the employer's premises, with his back to the car and fronting in the direction of a ditch across the track, fell into the ditch and was struck by the car and killed. The ditch was open and visible, but unguarded, and the employer had caused it to be dug, without giving warning thereof to his employees, in such a way as to render the track dangerous if used by them as they had been wont to use it, not knowing of the ditch. *Held,* in an action under the St. of 1887, c. 270, §§ 1, 2, that it was a question for the jury, in the absence of direct evidence that the deceased knew of the ditch, as to whether there was a defect in the condition of the ways used in the employer's business which arose from his negligence, and whether the deceased was in the exercise of due care.

TORT, under the St. of 1887, c. 270, § 1, cls. 1, 2, by the widow of Laurentz Gustafsen, for causing his death. The first count of the declaration alleged that the deceased was on October 29, 1888, employed in the defendant's works, and "while in the performance of his duty as such laborer, and helping to draw a car from one part of said works to another, and in the exercise of due care, said Laurentz Gustafsen fell under said car and was immediately killed, by reason of a defect in the condition of the ways connected with and used in the business of the defendant, said defect consisting of a large hole or ditch dug under the track over which said car was being drawn its entire width without proper warnings being given of its existence, and no proper means being furnished to cross said hole or ditch ; that said defect arose from, and was not remedied owing to, the negligence of the defendant; that due notice of the time, place, and cause of said death was given to the defendant." The second count differed from the first only in alleging that the defect "arose from and was not remedied owing to the negligence of some person or persons in the employ of the defendant to the plaintiff unknown, intrusted by it with the duty of seeing that its ways and works were in proper condition." The third count differed from the others only in alleging that the death was caused "by reason of the negligence of some person or persons to the plaintiff unknown, in the service of the defendant, by it intrusted with and exercising superintendence." Writ dated October 4, 1889. Trial in the Superior Court, before *Dewey*, J., who reported the case for the determination of this court, in substance as follows.

There was evidence tending to prove the following facts. The deceased was instantly killed on Monday, October 29, 1888, while employed by the defendant, leaving a widow, the plaintiff, who was never appointed administratrix of his estate. On November 22, 1888, and within thirty days of the death of the deceased, a notice of the time, place, and cause of the death was given to the defendant, signed, "Anna C. Gustafsen, by her attorneys, Thayer and Rugg." The accident occurred in the defendant's yard near its billet mill, in which iron rods called billets were rolled and left to cool upon a raised platform called the hot-bed. A freight railroad track was laid in this yard, and

extended into the billet mill and alongside this platform, to which cars for receiving the billets were moved by the workmen from the yard where they were left by a locomotive engine. During the forenoon of the day of the accident the deceased and other employees of the defendant were engaged, as they had been for several weeks in the regular course of their employment, in loading a car with billets. When the car was loaded, the deceased with the other workmen proceeded to move the car as they were accustomed to do from the platform out into the yard, three pushing it from the rear, three more from one side, and two, one of whom was the deceased, pulling upon the forward end of the car. The deceased had his back to the car, his left hand being on the coupling and his right hand on the right front corner of the car, fronting in the direction of the ditch, his head bent forward and his face turned to the right. No instructions had been given to the workmen as to the manner of moving a car, or as to where they were to stand. The distance from the front end of the car as it stood at the platform to the end of the billet mill, the whole of which was open to the yard, was from ten to twenty feet.

At the time the car was ready to be moved, there was a ditch three or four feet wide and about four feet deep, dug about one foot outside of the billet mill, in the yard, across the track, and extending for some distance in both directions, and a gang of men had been at work excavating it all that morning. There was no plank or other means of getting over the ditch, except by jumping or stepping on the rails of the track, which remained across the ditch. There was no warning given of the existence of the ditch by any person other than that shown by the evidence. All the men who helped to draw the car out had been working on the hot-bed during the morning before the accident. The surface of the ground was level, and the view of the ditch from the platform was unobstructed, and there was nothing to obstruct the view of the men standing in front of the car and prevent them from seeing the ditch under the track. Gustafsen was a man of ordinary intelligence, and had no defect in his eyesight. The top of the ditch could be seen from the platform where he was at work loading the car, but there was no evidence introduced as to whether he did or did not look that way and see

the ditch. The digging of the ditch was begun on Saturday, October 27, 1888, but no excavation across the track was made until Monday morning beyond marking it out and digging deep enough to take out a sleeper. The car was moved along by the workmen at a slow walk. When the ditch was reached, the deceased fell in, and was struck by the car and instantly killed.

The judge ruled and ordered a verdict for the defendant, in accordance with its request : " First, because the notice was insufficient under section 3 of chapter 270 of the Laws of 1887, as amended by section 1 of chapter 155 of the Laws of 1888. Second, because there was no evidence sufficient to warrant the jury in finding that the defendant was negligent. Third, because there was no evidence sufficient to warrant the jury in finding that the said Laurentz Gustafsen was in the exercise of due care at the time of the accident."

If the ruling was right, judgment was to be entered on the verdict; otherwise, the verdict was to be set aside and a new trial ordered.

The case was argued at the bar in September, 1890, and afterwards' was submitted to all the judges, except *Morton*, J.

*J. R. Thayer*, (*A. P. Rugg* with him,) for the plaintiff.

*T. G. Kent & G. T. Dewey*, for the defendant.

FIELD, C. J. The first two counts of the declaration are under cl. 1, § 1, of the St. of 1887, c. 270 ; the third count is under cl. 2 of the same section. In each of the counts it is alleged that notice of the time, place, and cause of the injury was given to the defendant. The only person who could maintain an action for the death of Laurentz Gustafsen was his widow ; and as he was instantly killed, this is the only action which could be maintained. St. 1887, c. 270, §§ 2, 3, *Ramsdell* v. *New York & New England Railroad*, 151 Mass. 245. The notice given was signed for the plaintiff by her attorneys, and it was given " within thirty days of the death " of Laurentz Gustafsen, and as the death was instantaneous, this must have been within thirty days of the " occurrence of the accident " causing the death. It has not been contended that the notice is not sufficient in form, if under the statute the widow could give notice.

The contention of the defendant is, as we understand it, that by the St. of 1887, c. 270, § 3, as amended by the St. of 1888,

c. 155, when the person injured is instantly killed, the notice must be given by the executor or administrator of his estate. As the executor or administrator cannot maintain an action, there is no reason why either one or the other should be appointed for the purpose of giving notice, unless the statutes require it. It is argued that this is a statutory action which cannot be maintained unless notice is given according to the statutes, and that the statutes, in such a case as this is, authorize only an executor or administrator to give the notice, which they may give within thirty days after their appointment. It is plain that, if the person killed left no estate to be administered upon, the appointment of an administrator ought not to be necessary to enable the widow or next of kin to recover money of other persons for their own use.

The provisions concerning notice in the statutes cited seem to have been taken from the Pub. Sts. c. 52, §§ 19, 21, and the St. of 1882, c. 36. See Pub. Sts. c. 73, § 6, c. 112, §§ 212, 213 ; St. 1886, c. 140 ; St. 1888, c. 114. The Legislature apparently did not observe that under the Pub. Sts. c. 52, § 17, the action for damages on account of death must be brought by the executor or administrator of the deceased, while under the St. of 1887, c. 270, such an action must be brought by the widow or next of kin. Under the Pub. Sts. c. 52, §§ 17, 18, if a person dies after having consciously suffered, there may be two causes of action, each to be prosecuted by the executor or administrator of the deceased. Under the St. of 1887, c. 270, there can be but one cause of action. If there is conscious suffering, the action must be brought by the person injured, or his executor or administrator ; if there is death and no conscious suffering, the action must be brought by the widow or next of kin.

The St. of 1887, c. 270, § 3, required notice to be given within thirty days " from the occurrence of the accident causing the injury or death," but it did not expressly designate the person who should give the notice. The St. of 1888, c. 155, attempted to supply this deficiency, and also to enlarge the time within which the notice might be given, if from physical or mental incapacity it was impossible for the person injured to give the notice within the thirty days, or if he died without having given the notice and without having been for ten days at any time

after his injury of sufficient capacity to give notice.   In *Taylor*
v. *Woburn*, 130 Mass. 494, an action against a town for injuries
sustained by reason of a defect in a highway, it was held that
under the St. of 1877, c. 234, a notice given by a father in be-
half of his son who had died was sufficient, although the father
had not then been appointed administrator of the estate of the
son.   The St. of 1877, c. 234, § 4, provided that the notice
might " be given by the person injured or by any other person
in his behalf ; provided, however, that if from physical or men-
tal incapacity it be impossible for the person injured to give
the notice within the time hereinbefore provided, he may give
notice within ten days after said incapacity is removed."   If,
however, the last clause of § 1 of the St. of 1888, c. 155, is ap-
plicable to the present action, since the decision in *Nash* v. *South
Hadley*, 145 Mass. 105, there would be great difficulty in hold-
ing that the notice in the present case was signed by a person
authorized to give notice.

The St. of 1887, c. 270, § 3, makes a distinction between a
case of personal injury and a case of death, by which is meant
instantaneous death.   The principal reason for passing the St. of
1888, c. 155, was to provide for cases of personal injury which
did not cause instantaneous death, but which might or might
not ultimately result in death, whereby the person injured was,
temporarily at least, made physically or mentally incapable of
giving notice.   The only part of the statute which can have any
intelligent application to a case of instantaneous death is the
latter part of the following clause :   " The notice required by
this section shall be in writing, signed by the person injured or
by some one in his behalf."   In the section referred to in this
clause a notice was required before an action could be main-
tained " for the recovery of compensation for injury or death."
When the death is instantaneous, notice cannot be given by
the person injured, and must be given, if at all, by some one
else.   A majority of the court think it reasonable to hold
that the statutory provision that the executor or administrator
may give notice was not intended to apply to a case of instan-
taneous death, where the executor and administrator had no
interest in the action to be brought, and no duty in regard to
it, and that the only provision of the statute which is applicable

to the present case is that part which requires the notice to be in writing, and to be signed by some one in behalf of the person injured, and that under the decision in *Taylor* v. *Woburn, ubi supra,* this notice was signed by a person authorized to give notice.

There was, we think, evidence for the jury that there was a defect in the condition of the ways used in the business of the defendant which arose from the negligence of the defendant. There was evidence that the ditch across the road-bed and track was such as to render the track dangerous to be used by the employees of the defendant in the manner in which they had been accustomed to use it, if they did not know of the ditch. If the defendant caused the ditch to be dug, and if no guard was put up, or warning given, this was evidence of negligence on the part of the defendant. It is not contended that any guard was put up, or warning given, and the circumstances afforded evidence that the ditch was dug by the defendant. The contention is that Laurentz Gustafsen either knew of the ditch, or, if he had used reasonable care, would have known of it. Whether he actually knew of it is a question of fact of which there is no direct evidence either way, and it must be for the jury to infer what the fact in this respect was from the circumstances proved. Whether he ought to have known of it relates more directly to the question of due care on his part.

Whether there was evidence for the jury that Laurentz Gustafsen was in the exercise of due care at the time of the accident is a question of more difficulty. He was not employed in digging the ditch, or about anything connected with the ditch, but he was employed near it on other work. The more exclusively he attended to his own duty, the less he would be likely to know about other kinds of work done by other employees. Whether he knew of the ditch before he came upon it when he was hauling the car must, under the circumstances, be a question for the jury. There was evidence from which the jury might properly infer that he was using due care in hauling the car, if the track and road-bed had been in their usual condition, or if he had not known of any change in their condition. The most formidable argument is that, as it was daylight, and as the ditch was visible, and directly across his path, he would, if he had used due

care, have seen it when hauling the car towards it, and would have avoided it. A majority of the court think that this, too, was a question for the jury. His attention was necessarily more or less directed to his own work, which would naturally require him to lean forward and bend down towards the track; the car moving constantly forward would somewhat impair his freedom of action if he came upon the ditch without knowing beforehand that it was there; and it is impossible to say, as matter of law, that he was careless in putting himself in the position he was in, if he did not know of the ditch. In all the cases arising from visible defects in ways such as this was, whereby the plaintiff was injured, it never has been held, as matter of law, negligence on the part of the plaintiff that he did not see the defect and avoid it. See *Ferren* v. *Old Colony Railroad*, 143 Mass. 197; *Maguire* v. *Fitchburg Railroad*, 146 Mass. 379; *Babcock* v. *Old Colony Railroad*, 150 Mass. 467.                    *New trial ordered.*