## ARGUED AND DETERMINED

IN THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS.

---

### JOHN C. DALY *vs.* NEW JERSEY STEEL AND IRON COMPANY.

Hampden.    September 22, 1891. — November 24, 1891.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Personal Injuries — Employers' Liability Act — Notice — Dependency.*

The notice required by the St. of 1887, c. 270, § 3, as amended by the St. of 1888, c. 155, to support an action against an employer for the instantaneous death of an employee, may be given by some one in his behalf within thirty days from the occurrence of the accident, or by the executor or administrator within thirty days after his appointment.

If an unmarried employee, who is instantly killed, leaves as his sole next of kin a brother not dependent upon him and a sister who is dependent, an action against the employer to recover for the death, under the St. of 1887, c. 270, § 2, should properly be brought in her name alone.

Under the St. of 1887, c. 270, § 2, giving a right of action against an employer for the instantaneous death of an employee who leaves no widow, to the "next of kin . . . dependent upon the wages of such employee for support," such next of kin, in order to establish a dependency, need not come within the class of persons whom the deceased, if able, was legally bound to support; the fact of dependence is sufficient.

An invalid sister unable to work regularly, or to earn enough to pay her doctor's bills, who has received from a brother on an average from thirty to thirty-five dollars a month for three or four years, and who in fact receives her support from him and is dependent upon him for support, comes within the meaning of the St. of 1887, c. 270, § 2, and may maintain an action against his employer for causing his instantaneous death.

Tort, under the St. of 1887, c. 270, §§ 2, 3, by the administrator of the estate of Maurice Driscoll, for causing his death. At the trial in the Superior Court, before *Mason*, C. J., there was evidence tending to prove the following facts.

The deceased, while in the employ of the defendant company, was instantly killed, on January 3, 1890, through its negligence, being at the time in the exercise of due care. He was unmarried, and left as his only next of kin a sister, who was dependent upon his wages for her support, and a brother who was in no way dependent upon him. John C. Daly was appointed administrator of his estate on February 24, 1890, and within thirty days gave a notice of the time, place, and cause of the death to the defendant, and on March 18 following brought this action. After the decision in *Ramsdell* v. *New York & New England Railroad*, 151 Mass. 245, the writ was amended, upon motion of the administrator, by substituting the sister of the deceased as the sole plaintiff. The sister, who was twenty-two or twenty-three years of age at the death of her brother, testified that her father died when she was sixteen years old, her mother having died earlier; that her health had always been poor, and most of the time she had been under the doctor's care; that the deceased had been her support since she was thirteen years old, and up to the time of his death; that after her father's death she worked in a shirt factory until her marriage, shortly after her brother's death; that she worked in all about four or five months in each year, and her work for a year would not amount to more than another girl's work for two months; that during the last year of her brother's life she earned in the shirt factory one hundred and twenty-five dollars, but this amount was insufficient to pay her doctor's bills; that the deceased was in the habit of sending her money two or three times a month, and she received from him during the last three or four years of his life on an average thirty to thirty-five dollars a month; and that she was dependent upon the wages of her deceased brother for her support at the time of his death, and that he supported her the whole of the time.

The judge, as requested by the defendant, ruled that the plaintiff was not entitled to recover, and ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*W. H. Brooks*, for the plaintiff.

*G. D. Robinson*, for the defendant.

ALLEN, J.   The first objection raised by the defendant is that the notice of the time, place, and cause of the injury, given by the administrator of the estate of the injured person, will not support an action in favor of his next of kin. This objection rests on the intimation given in the recent case of *Gustafsen* v. *Washburn & Moen Manuf. Co.* 153 Mass. 468, that in a case of instantaneous death a notice by an executor or administrator would not be sufficient. In that case, as in this, the death was instantaneous, and there the action was brought by the widow of the deceased, and the notice was given by her within thirty days after the accident. In holding that the notice by her was sufficient under the first clause of the St. of 1888, c. 155, § 1, we intimated that the rest of that statute was not intended to apply to such a case.

The language of the statute is undoubtedly quite obscure in this provision respecting notice, as well as in others, and it is not strange that a doubt has arisen as to its meaning. It was taken from the Pub. Sts. c. 52, § 21, relating to injuries to person or property from defective highways. The notice provided for in that section has no application, so far as injury to the person is concerned, if such injury results in instantaneous death. The general rule in case of instantaneous death is that no action lies. By a separate section (Pub. Sts. c. 52, § 17) a remedy is given if the life of a person is lost by reason of a defect or want of repair of a highway, and this includes cases of instantaneous death; and no notice of the time, place, and cause of the injury is required. But where an injury is received which does not result in immediate death, a right of action vests in the person injured under § 18, and, in case of his subsequent death, this survives to his executor or administrator, and the provision of § 21 as to notice applies to such cases. By the employers' liability act (St. 1887, c. 270) a right of action is given in § 1 to an employee who is injured without being instantly killed, and in § 2 a right of action is given to the widow and next of kin where the employee is instantly killed. Then, in § 3, which is amended by the St. of 1888, c. 155, provision is made for notice, which is common to both cases. Language which was originally

applicable only to a right of action which vested in the person injured in his lifetime, and which survived to his executors or administrators, is applied in one common provision, not only to such cases, but also to cases where the right of action is given solely to the widow and next of kin. This naturally raises a doubt as to the intention of the Legislature.

On further consideration, while adhering to the decision that the notice in Gustafsen's case given by the widow was sufficient, it seems to us more consistent with the probable intention of the Legislature to hold also, that, as an alternative, in the contingencies expressly mentioned in the statute, notice may also be given by an executor or administrator. The difficulty of reaching this conclusion logically was pointed out in Gustafsen's case. But the statute was designed to extend the liability of employers for personal injuries suffered by employees in their service, and the requirements as to notice should receive a liberal construction. The words of the statute (St. 1888, c. 155) are, "in case of his death without having given the notice and without having been for ten days at any time after his injury of sufficient capacity to give the notice, his executor or administrator may give such notice within thirty days after his appointment." Taking this provision literally, the plaintiff's case falls within it. If in case of an instantaneous death it is held that the notice must necessarily be given within thirty days from the occurrence of the accident, we fear that the statute would prove misleading, and that widows and next of kin might omit to give seasonable notice in the supposition that notice by an executor or administrator is called for.

The result is, that, in case of the instantaneous death of an employee, the notice may be given by some one in his behalf, within thirty days from the occurrence of the accident, as was held in Gustafsen's case, or by the executor or administrator within thirty days after his appointment.

The defendant further contends that where the death was instantaneous, and the deceased left no widow, the action can only be maintained by all of the next of kin jointly, and that they must all have been dependent upon the wages of the deceased for support. But such is not the true meaning of the statute. The deceased left as next of kin a brother and a sister.

The brother was not dependent upon the wages of the deceased. The evidence tended to show that the sister was so dependent. Upon these facts the action should properly be brought in her name alone. *Ramsdell* v. *New York & New England Railroad,* 151 Mass. 245, 249.

The defendant also contends that the plaintiff was not dependent upon the wages of the deceased for support, in the sense contemplated by the statute; that she did not come within the class of persons whom the deceased, if able, was bound to support, under the Pub. Sts. c. 84, § 6; that merely gratuitous payments by him establish no dependence; that moral or equitable considerations are insufficient; and that legal dependence is the test. But this also is too strict a construction of the statute. The fact of dependence is sufficient. Under the statutes relating to beneficiary associations, the question of dependence has been held to be a question of fact, and not of law. *American Legion of Honor* v. *Perry,* 140 Mass. 580, 590, 592. *McCarthy* v. *New England Order of Protection,* 153 Mass. 314. An invalid sister, unable to work regularly or to earn enough to pay her doctor's bills, who has received from her brother on an average thirty to thirty-five dollars a month for three or four years, and who in fact receives her support from him and is dependent upon him for her support, undoubtedly falls within the meaning of the statute.                              *Exceptions sustained.*