JANE JONES *vs.* BOSTON AND ALBANY RAILROAD COMPANY.

Suffolk.   March 8, 1892. — June 24, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Employers' Liability Act — Instant Death of Employee — Action by Widow — Notice by Administrator.*

An action under the St. of 1887, c. 270, against an employer for the instantaneous death of an employee, by the latter's widow, is supported by a notice, in the form required by the statute as amended by the St. of 1888, c. 155, given by the administrator of the employee's estate within thirty days after his appointment.

TORT, for causing the death of Melbourne F. Jones. The defendant demurred to the declaration. In the Superior Court, the demurrer was sustained, and judgment ordered for the defendant; and the plaintiff appealed to this court.

*S. Hoar,* for the defendant.

*C. G. Fall,* for the plaintiff.

FIELD, C. J. This action was brought under the St. of 1887, c. 270, by the widow of Melbourne F. Jones, who, as the amended declaration alleges, was instantly killed, on April 22, 1889, and died without conscious suffering. An administrator of his estate was appointed on June 3, 1889, and within thirty days thereafter he gave the defendant a notice in the form required by the statute. The demurrer was sustained in the Superior Court, and judgment ordered for the defendant, and the plaintiff appealed. The judgment was rendered before the decision of this court in *Daly* v. *New Jersey Steel & Iron Co.* 155 Mass. 1. In the opinion in that case it was said, "The language of the statute [1887] is undoubtedly quite obscure in this provision respecting notice," etc., and the difficulty of construing it, and of reconciling the decision in that case with that in *Gustafsen* v. *Washburn & Moen Manuf. Co.* 153 Mass. 468, was noticed. We see, however, no sufficient season for reconsidering either of these decisions. If the construction put upon the statute by these decisions does not conform to the intention of the Legislature, the statute can be so amended as to leave no

doubt of its meaning.  See St. 1892, c. 260.  The case cannot be distinguished from *Daly* v. *New Jersey Steel & Iron Co.*  The entry must be,

*Judgment reversed ; demurrer overruled.**

---

* A similar decision was made in Suffolk, on the same day, in the case of

ELLEN DICKERMAN *vs.* OLD COLONY RAILROAD COMPANY.

Tort, under the St. of 1887, c. 270, for causing the death of George H. Dickerman.

The declaration alleged that the plaintiff was the widow of George H. Dickerman, who, on August 27, 1890, while in the defendant's employ and in the exercise of due care, was instantly killed and died without conscious suffering, by reason of the defendant's negligence ; and that on October 6, 1890, John A. Dickerman was duly appointed administrator of the estate of George H. Dickerman, and, on October 9, 1890, gave to the defendant the notice required by the statute.   The defendant demurred to the declaration. In the Superior Court, the demurrer was sustained, and judgment ordered for the defendant ; and the plaintiff appealed to this court.

*C. G. Fall,* for the plaintiff.

*J. H. Benton, Jr.,* for the defendant.

FIELD, C. J.   The case is governed by *Jones* v. *Boston & Albany Railroad, ante,* 51.                    *Judgment reversed ; demurrer overruled.*