KRISTINA LUKKONEN, administratrix, *vs.* FORE RIVER SHIP BUILDING COMPANY.

Norfolk.    November 18, 19, 1907. — February 29, 1908.

Present : KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Negligence,* Employer's liability, Notice under R. L. c. 106, § 75.    *Executor and Administrator.*

At the trial of an action of tort under R. L. c. 106, §§ 71, 73, by the administratrix of one alleged to have been fatally injured while in the employ of the defendant, it appeared that the plaintiff was a sister of the intestate, whose mother was living, and that she, with the mother's assent, was appointed administratrix in May of a certain year. The injury to the intestate occurred in January of the same year. The plaintiff, in order to prove the notice required by R. L. c. 106, § 75, introduced in evidence a letter, written in March of that year, which set forth the details of the injury and was received by the defendant as required by the statute, but which was signed in his own name by one who, although he was the attorney of the sister who afterwards was appointed administratrix and sent the letter with her authority, was no relative of the intestate. *Held,* that the notice was insufficient because it was not given by any one of the persons specified by R. L. c. 106, § 75.

The right of the administrator of one whose death has resulted from one of the causes mentioned in R. L. c. 106, § 71, to give to the intestate's employer the notice required by § 75 of that chapter, in case the intestate has died without having given the notice and without having been for ten days at any time after his injury of sufficient capacity to give it, is not vested in the administrator until he is appointed.

TORT for conscious suffering and death of the plaintiff's intestate alleged to have resulted from an injury received by him while in the defendant's employ.  Writ in the Superior Court for the county of Norfolk dated October 7, 1905.

The declaration contained six counts, the first and second alleging causes of action under R. L. c. 106, § 71, cl. 1, and § 73; and the third and fourth alleging causes of action under R. L. c. 106, § 71, cl. 2, and § 73.  The fifth and sixth counts alleged causes of action at common law, but at the trial the plaintiff elected to proceed upon the first four counts only.

At the trial, which was before *Hardy*, J., the plaintiff introduced the following, upon which she relied to prove the notice required by R. L. c. 106, § 75:

"March 20, 1905.

"On Jan. 23d last, a little after eleven o'clock A. M., Matti Jarveta, alias Matti Yarneta H 253, was killed in your ship yard while he was employed by your company, and while he was engaged, under the orders of one of your superintendents, in helping to roll a large smoke stack or other similar mechanism.  So far as is now known the cause of his injury and death was by being crushed under said smoke stack from one of the causes for which a right of action against your company is given in Ch. 106, Sec. 71, clause first or second, of the Revised Laws of this commonwealth.  Mr. Jarveta died in about 15 or 20 minutes after his injury, and this notice is given by me in his behalf at this time because no administrator has yet been appointed for him.

"Signed, Charles Allen Taber.

"To the President or other official of the Fore River Shipbuilding Co."

It was not disputed that the signer of the notice was an attorney at law and, when he signed it, was the attorney of Kristina Lukkonen, who knew and approved of his signing and sending it; that the latter was the sister of Jarveta, whose mother was living, and that on May 15, 1905, with the assent of the mother, she was appointed administratrix of the estate of Jarveta.

At the close of the plaintiff's evidence, the defendant rested, and the presiding judge ruled that there was no evidence to

support the first two counts of the declaration, but " that there was evidence for the jury that the deceased was in the exercise of due care and was injured by the negligence of the defend-- ant " ; that the notice in evidence " sufficiently stated the time, place and cause of the injury, and that it was received by the defendant within sixty days of the date of the injury," but that it " did not show a compliance with the requirements of R. L. c. 106, § 75." He therefore directed a " general verdict for the defendant on the first two counts, and a special verdict for the defendant on the third and fourth counts . . . because the notice . . . was not signed by any person who had a right under " R. L. c. 106, § 75, " to give such notice so as to maintain an action thereon"; and the plaintiff alleged exceptions.

*R. T. Parke & C. A. Taber*, for the plaintiff.

*J. Lowell & J. A. Lowell*, for the defendant.

HAMMOND, J. It is very questionable whether there is any evidence of the due care of the plaintiff's intestate, or of the negligence of the defendant, but we have no occasion to examine either of these questions because we are of opinion that there has been no compliance with the statutory requirement as to notice. The accident occurred on January 23, 1905. Within sixty days the notice shown in the record was given. No other has been given; and the question is whether that was sufficient.

The notice states among other things that Jarveta was killed " in your shipyard "; that he died in about fifteen or twenty minutes after his injury, and that " this notice is given by me in his behalf at this time because no administrator has yet been appointed for him." It was signed by Mr. Taber in his individual name. He was at that time the attorney for the plaintiff, but that fact does not appear upon the face of the notice. The fair construction of the notice is that it is given in behalf of the administrator thereafter to be appointed.

So far as material to the question before us, the language of the statute under which this action is brought, as to notices, is the same as that in the statute providing for actions for injuries received upon the highway. R. L. c. 106, § 75; c. 51, § 21.

In *Taylor* v. *Woburn*, 130 Mass. 494, the person injured died

soon after the accident, and the notice was given by his father. The statute (St. 1877, c. 234, § 4) provided that the notice might be "given by the person injured or by any other person in his behalf." It was held that the notice was good upon the ground that the father at the time of the notice had the right of administration and was subsequently appointed administrator, "so that the person who gave the notice was the person who in law was bound to give the notice, and the only difference to the defendant in respect to it was that he gave the notice sooner than by law he was required to do." "The father had the right of administration upon his [the son's] estate . . .; and, in anticipation of such administration, he had authority to do what was necessary to preserve his [the son's] estate and his right of property." It is to be observed that the statute did not contain any express provision for notice by an administrator, nor any provision for the extension of the time within which the notice should be given in case of the death of the injured person, and the decision was reached by the application of general principles as to the administration of estates to the facts of the case.

In *Nash* v. *South Hadley*, 145 Mass. 105, the statute, having been amended by St. 1881, c. 236, and re-enacted in Pub. Sts. c. 52, § 21, (R. L. c. 51, § 21,) after saying that the notice shall be in writing signed by the person injured or by some person in his behalf, further provided that "if from physical or mental incapacity it is impossible for the person injured to give the notice within . . . [thirty days from the time of the accident] he may give the same within ten days after such incapacity is removed, and in case of his death without having given the notice, and without having been for ten days at any time after his injury of sufficient capacity to give the notice, his executor or administrator may give such notice within thirty days after his appointment." The injured person lived more than ten days in a condition in which it was possible for him to have given the notice required by the statute. The only notice was given by his son within thirty days after the decease of the injured person, the son being the executor named in his will and having been appointed such executor subsequently to the giving of the notice. The notice was held to be bad. In giving the

opinion of the court, Devens, J., says: " It is true, that, if the law had remained as it was when *Taylor* v. *Woburn* was decided, the notice in the case at bar would, under that decision, have been sufficient. But when the Legislature has provided for the circumstances under which a notice may be given by an executor or administrator, it must be understood that it has dealt with the whole subject, and has provided for all the cases in which a notice by either of them will be sufficient." And consequently it was held that when the injured person had survived ten days or more, not exceeding thirty days, and during that time was himself of sufficient capacity to give a notice, a notice by the executor was bad.

In the case before us we have not even the case which was left undecided in *Nash* v. *South Hadley*, namely, whether a notice given by one who subsequently is appointed executor of the injured person is sufficient. Here the notice was not given by the person injured, or by the administrator, or by the person who became administrator. The person who gave the notice was a stranger to the estate. Neither upon him nor upon his client rested the duty to care for the estate. In *Gustafsen* v. *Washburn & Moen Manuf. Co.* 153 Mass. 468, a notice by the widow was held good, mainly upon the ground that, the death being instantaneous, the right of action was in the widow alone. It has since been decided that in such a case notice may also be given by the executor. *Daly* v. *New Jersey Steel & Iron Co.* 155 Mass. 1. Since the decision in the Gustafsen case, St. 1887, c. 270, has been amended so that the action in behalf of the next of kin may be brought by the administrator; and we think that the doctrine of that case should not be extended beyond the limit therein reached. It follows that, at the time this notice was given, it was not such as the statute required.

It is argued, however, by the plaintiff, that the person who gave the notice was at that time the attorney for the present plaintiff, the person who afterward became the administratrix, and that his act was ratified by the plaintiff after she became administratrix. In view of the express language of the statute, that position does not seem to us tenable. It seems more in accordance with the spirit and language of the statute to interpret it as meaning that the right of the administrator

to give the notice is not vested in him until he is appointed. In any point of view, therefore, the notice must be held to be insufficient.

*Exceptions overruled.*