MICHAEL A. O'NEIL, administrator, *vs.* FRED F. SQUIRE & others, trustees.

MICHAEL A. O'NEIL *vs.* SAME.

Suffolk. March 26, 27, 1918. — May 24, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Snow and Ice. Notice. Executor and Administrator. Negligence,* Of one controlling real estate, Causing death. *Death. Attorney at Law.*

Where a person is injured by ice falling upon him due to a defective condition of a building and dies within six days without notice thereof having been given in accordance with Sts. 1908, c. 305; 1913, c. 324, in his behalf to the person responsible for the condition of the premises resulting in the injury, a notice given five days after the death of the person so injured by an attorney at law acting on behalf of one who more than a month later was appointed administrator of the estate of the person so injured does not satisfy the requirements of the statute, even if the attorney's act is ratified by the administrator after his appointment; because the right of the administrator to give notice is not vested in him until he is appointed.

TWO ACTIONS OF TORT, the first to recover for the conscious suffering and death of Mary A. O'Neil, the plaintiff's intestate, caused by her being struck on February 27, 1914, by a piece of ice which fell upon her from the defendants' building numbered 37 and 39 North Street in Boston, as she was a traveller on the

adjoining highway; and the second by the husband of the intestate for consequential damages. Writs dated June 5, 1914.

The actions were tried together in the Superior Court before *Stevens*, J. In answer to special questions, the jury assessed the damages in the first action at $5,900, and in the second action at $315. The judge thereupon ordered verdicts for the defendants, ruling that the notice given to the defendants, as described in the opinion, was insufficient, and reported the actions to this court for determination of the correctness of that ruling, judgment to be entered in accordance with the findings of the jury if the ruling was incorrect; otherwise, judgment to be entered on the verdicts for the defendants.

St. 1908, c. 305, as amended by St. 1913, c. 324, is as follows:

"The provisions of sections twenty, twenty-one and twenty-two of chapter fifty-one of the Revised Laws, in so far as they relate to notices of injuries resulting from snow or ice, shall apply to actions against persons or corporations founded upon the defective condition of the premises of such persons or corporations, or of an adjoining way, whenever such defective condition is caused by, or consists in part of, snow or ice. Leaving the notice with the occupant of said premises, or, in case there is no occupant, posting the same in a conspicuous place thereon, shall be a sufficient compliance with the foregoing provisions: Provided, however, that notice within thirty days after the injury shall be sufficient; and if by reason of physical or mental incapacity it is impossible for the injured person to give the notice within thirty days after the injury, he may give it within thirty days after such incapacity has been removed, and in case of his death without having been for thirty days at any time after his injury of sufficient capacity to give the notice, his executor or administrator may give the notice within thirty days after his appointment. No notice shall be held to be invalid by reason of any inaccuracy or misstatement of the owner's name if it appears that the same was made in good faith and did not prevent or unreasonably delay the owner from receiving actual notice of the injury and of the claim that it occurred from a defective condition of his premises."

*E. H. Ruby,* (*S. T. Crawford* with him,) for the plaintiff.

*L. A. Ford,* for the defendants.

BRALEY, J. These actions are in tort to recover expenses in-

curred by her husband, and for the conscious suffering and death of the intestate caused by a piece of ice falling upon her from the roof of the defendants' building abutting on a public way where she was passing as a pedestrian, and while she was in the exercise of due care.

It is conceded that the defendants had actual notice of the time, place and cause of the accident, but by St. 1908, c. 305, as amended by St. 1913, c. 324, the provisions of R. L. c. 51, §§ 20–22 are made applicable to an action for personal injuries caused by snow or ice under the circumstances described. It is provided by § 20: "A person so injured shall, within ten days thereafter, if such defect or want of repair is caused by or consists in part of snow or ice, or both, and in all other cases, within thirty days thereafter, give to the county, city, town or person by law obliged to keep said way, causeway or bridge in repair, notice of the time, place and cause of the said injury or damage; and if the said county, city, town or person does not pay the amount thereof, he may within two years after the date of said injury or damage recover the same in an action of tort. Such notice shall not be invalid or insufficient solely by reason of any inaccuracy in stating the time, place or cause of the injury, if it is shown that there was no intention to mislead and that the party entitled to notice was not in fact misled thereby." And by § 21: "Such notice shall be in writing, signed by the person injured or by some one in his behalf, and may be given, in the case of a county, to one of the county commissioners or the county treasurer; in the case of a city, to the mayor, the city clerk or treasurer; and in the case of a town, to one of the selectmen or to the town clerk or treasurer. If by reason of physical or mental incapacity it is impossible for the person injured to give the notice within the time required, he may give it within ten days after such incapacity has been removed, and in case of his death without having been for ten days at any time after his injury of sufficient capacity to give the notice, his executor or administrator may give the notice within thirty days after his appointment."

The giving of a notice in writing is thus made a condition precedent to the maintenance of the action. *Baird* v. *Baptist Society,* 208 Mass. 29. The accident happened on February 27, 1914, in consequence of which the intestate died on March 5, 1914. The

only notice in writing is dated March 10, 1914. It is signed by counsel purporting to act at the request of the husband of the intestate who on April 24, 1914, was duly appointed administrator of her estate.

It was held in *Taylor* v. *Woburn*, 130 Mass. 494, under St. 1877, c. 234, § 3, then in force but which contained no provisions as to notice by the administrator or executor, or for any extention of time within which notice should be given where death ensued, that a notice given by the father of the death of his son caused by a defect in the highway was sufficient. The son being dead and incapable of acting, the father "had the right of administration upon his estate, which might be subsequently exercised; and, in anticipation of such administration, he had authority to do what was necessary to preserve his estate and his right of property." The St. of 1877, c. 234, was amended by St. 1881, c. 236, in which express provisions first appear, that in the event of the death of a person injured without notice being given it may be given by an administrator or executor, and the construction of the statute as amended was considered in *Nash* v. *South Hadley*, 145 Mass. 105, where the decedent survived for more than ten days, but gave no notice. The executor, however, named in the decedent's will gave notice within thirty days after the testator's death, but before he received his appointment. The question for decision was whether notice had been given as required by the statute as amended. The court held that the notice was a nullity. "The construction by which it was held in *Taylor* v. *Woburn* that 'the statute authority for another to act for the person interested, and the clear purpose manifested thus to act in behalf of his deceased son,' on the part of the father, authorized the decision that a notice given after the decease of the son, by the father, within thirty days after the injury, was sufficient, is not permissible after the Legislature has provided by whom and under what circumstances a notice shall be given when the party injured has died. The rule thus prescribed is the only one to be followed." And it has been followed in actions against cities and towns. *Stoliker* v. *Boston*, 204 Mass. 522, 539, 540. *Carberry* v. *Sharon*, 166 Mass. 32.

The St. 1887, c. 270, commonly referred to as the employers' liability act, contains similar provisions requiring notice to the employer of the time, place and cause of the injury to, or death

of the employee.  In *Gustafsen* v. *Washburn & Moen Manuf. Co.* 153 Mass. 468, the employee's death was instantaneous, and upon the ground that St. 1887, c. 270, made a distinction "between a case of personal injury and a case of death, by which is meant instantaneous death" it was decided that "When the death is instantaneous, notice cannot be given by the person injured, and must be given, if at all, by some one else."  It was said "that the statutory provision that the executor or administrator may give notice was not intended to apply to a case of instantaneous death, where the executor and administrator had no interest in the action to be brought, and no duty in regard to it," and that under *Taylor* v. *Woburn, ubi supra,* notice signed by the widow "was signed by a person authorized to give notice."  While St. 1888, c. 155, amended St. 1887, c. 270, by providing that in case of the death of an employee "without having given the notice and without having been for ten days at any time after his injury of sufficient capacity to give the notice, his executor or administrator may give such notice within thirty days after his appointment," *Gustafsen* v. *Washburn & Moen Manuf. Co.* was followed in *Daly* v. *New Jersey Steel & Iron Co.* 155 Mass. 1, where the death again having been instantaneous notice given by the widow was deemed to be sufficient.  The court however takes care to say that although the plaintiff's case literally fell within this provision, yet "If in case of an instantaneous death it is held that the notice must necessarily be given within thirty days from the occurrence of the accident, we fear that the statute would prove misleading, and that widows and next of kin might omit to give seasonable notice in the supposition that notice by an executor or administrator is called for."  It is to be noticed that this case as well as the Gustafsen case rests on the ground that where death is instantaneous notice could be given by the widow of the deceased employee, or since the amendment, it may be given by her or by an executor or administrator.  But if death is not instantaneous, the authority of *Nash* v. *South Hadley, ubi supra,* must be considered as controlling.  It was so decided in *Lukkonen* v. *Fore River Ship Building Co.* 197 Mass. 586, where the court took occasion to say that the doctrine of the Gustafsen case, because of the St. of 1887, c. 270, should not be extended.

The argument of the plaintiff in the present case is substantially

similar to, if not on all fours with the argument considered in the Lukkonen case, the answer to which is stated in the opinion in these words: "It is argued, however, by the plaintiff, that the person who gave the notice was at that time the attorney for the present plaintiff, the person who afterward became the administratrix, and that his act was ratified by the plaintiff after she became administratrix. In view of the express language of the statute, that position does not seem to us tenable. It seems more in accordance with the spirit and language of the statute to interpret it as meaning that the right of the administrator to give the notice is not vested in him until he is appointed. In any point of view, therefore, the notice must be held to be insufficient."

We find no sufficient reason on the present record for any modification or extension and the result is, that the right of the administrator to give the requisite notice not having vested until his appointment, the statute has not been complied with and the order in each case must be

*Judgment for the defendant.*