THOMAS F. JORDAN *vs.* NEW ENGLAND STRUCTURAL
COMPANY.

ALFRED C. JORDAN *vs.* SAME.

Suffolk.   November 13, 1907. — December 31, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Negligence,* Employer's liability.   *Parent and Child.*

In an action under the employers' liability act for personal injuries alleged to
have been caused by the negligence of a superintendent of the defendant in
failing to warn the plaintiff of the approach of a travelling crane which cut
off the ends of two of the plaintiff's fingers while he was standing on a nar-
row piece of iron and steadying himself by taking hold with one hand of the
track of the crane, above a girder which he with another workman had been sent
to strengthen by putting a bracket beneath it, it appeared that the fellow work-
man of the plaintiff went away temporarily and that a superintendent in charge
of the work came up to take his place and stood in the same way that the plain-
tiff did, that the crane came over the track at irregular times, that the plaintiff's
back was toward the crane as it approached and that the superintendent was
facing it.   There was evidence on which it could have been found that it was
part of the duty of the superintendent to warn workmen who were in exposed
positions of the coming of the crane.   There was testimony that he had given
such warnings repeatedly during the progress of the work then going on, and
also that he could have seen the crane as it was coming.   It appeared that the
place was very noisy, and that the plaintiff could not hear nor see the approach
of the crane while he was working below the girder.   *Held,* that the superin-
tendent was not relieved from the obligation to use due care for the safety of
the employees by temporarily taking the place of the plaintiff's fellow work-
man to assist in putting up the bracket, and that it was a question for the jury
whether the superintendent was negligent in failing to discover the approach of
the crane and to warn the plaintiff of his danger; *also* that it was a question for
the jury whether the plaintiff was in the exercise of due care.

At common law an employee has no remedy for an injury caused by the negligence
of a superintendent of his employer who is his fellow servant.

The employers' liability act gives no remedy to a father for expenses for medical
attendance incurred by reason of injuries to his minor son for which the em-
ployer is liable to the son under the act.

TWO ACTIONS OF TORT, both brought under the employers' lia-
bility act as stated in the first paragraph of the opinion.   Writs
dated respectively December 31, 1904, and January 18, 1905.

In the Superior Court the cases were tried together before
*Richardson,* J.   The evidence is described in the opinion.   At

the close of the evidence the defendant asked the judge to rule, apparently in both cases, as follows:

First. Upon all the evidence the plaintiff is not entitled to recover.

Second. Upon all the evidence the plaintiff has not sustained the burden of proof to show that Flynn was a superintendent within the meaning of the employers' liability act.

Third. Upon all the evidence Flynn was acting as an ordinary employee at the time of the accident and not as a superintendent within the meaning of the act.

Fourth. Under all the circumstances of this case there was no duty on the part of Flynn to warn the plaintiff [in the first case] about any possible movement of the crane.

Fifth. Upon all the evidence there was no failure to warn the plaintiff [in the first case] on the part of Flynn while acting as a superintendent.

Sixth. Upon all the evidence the plaintiff [in the first case] was not in the exercise of due care.

Seventh. Upon all the evidence the plaintiff [in the first case] assumed the risk as a matter of law.

The judge refused to make any of these rulings and submitted the cases to the jury, who returned a verdict for the plaintiff in the first case in the sum of $3,000 and a verdict for the plaintiff in the second case in the sum of $300. The defendant alleged exceptions.

*W. H. Hitchcock* ( *G. A. Drury* with him,) for the defendant.

*S. R. Jones,* for the plaintiffs.

KNOWLTON, C. J. These two cases were brought under the employers' liability act, the first by a minor, to recover damages for personal injuries received through the negligence of the defendant's superintendent, and the second by the minor's father, to recover for loss of services of the son, and for the expenses of his medical attendance rendered necessary by the accident.

In the defendant's shop there was a large crane, estimated to weigh about twenty tons, which passed in and out upon an iron track nearly twenty feet above the ground, which track was supported by girders. The track and girders were taken down and replaced by new ones. While the work was going on and before the old track was entirely removed, the crane ran in and

out over that part which was in position, and as soon as the new track was in place and safely supported it began to run in and out occasionally over that. The minor plaintiff was an iron worker. He was sent with another man to put a bracket underneath the girder, between the pillars that supported it, and in doing the work he stood upon a narrow piece of iron and steadied himself by taking hold of the track above the girder with one hand. His companion went away temporarily, and one Flynn, a foreman who directed the work, came up to take his place, standing in a similar way, with one of his hands holding the rail of the track. The crane came along over the track and cut off the ends of two of the plaintiff's fingers.

There was ample evidence to warrant a finding that Flynn was a superintendent within the meaning of the statute. The jury well might find that it was a part of his duty to warn workmen, who were in exposed positions, of the coming of the crane, if they were where they would not be likely to see it. There was testimony that he had given such warnings repeatedly during the progress of the work. It appeared that the place was very noisy, and that the plaintiff could not hear nor see the approach of the crane while he was working below the girder. His back was toward the crane as it approached, while the superintendent was facing it. There was testimony that the superintendent could have seen the crane as it was coming, although this was disputed. The superintendent was not relieved from the obligation to use due care for the safety of the employees by his taking the place of the plaintiff's companion, temporarily, to assist in the work of putting in the bracket. It was a question for the jury whether the superintendent was negligent in failing to discover the approach of the crane and to warn the plaintiff of his danger. It was also a question for the jury whether the plaintiff was in the exercise of due care. In this case the defendant's exceptions must be overruled.

The case of the father presents a different question. This, like the other, is brought under the employers' liability act, and no negligence is charged except that of the superintendent. At common law neither of the plaintiffs could recover, as the only negligence complained of was that of a fellow servant. The employers' liability act cannot be availed of by the father to recover

for loss of service or for expenses, inasmuch as this statute gives a right of action only to the employee or his legal representatives, or, if he is instantly killed or dies without conscious suffering, to his widow or next of kin. R. L. c. 106, §§ 71, 73. " The employee or his legal representatives shall . . . have the same rights to compensation and of action against the employer as if he had not been an employee," etc. If he is a minor, this enlargement of his rights at common law does not extend to his father, suing in his own right.

The same construction is put upon the statute giving damages to persons injured by defects in highways, existing through the negligence of cities and towns. *Harwood* v. *Lowell,* 4 Cush. 310. *Nestor* v. *Fall River,* 183 Mass. 265.

It has also been given to a similar employers' liability act by the Supreme Court of Alabama. *Lovell* v. *DeBardelaben Coal & Iron Co.* 90 Ala. 13. *Woodward Iron Co.* v. *Cook,* 124 Ala. 349. In this action the exceptions must be sustained.

*Ordered accordingly.*