JAMES BAIRD *vs.* BAPTIST SOCIETY.

Essex.    November 2, 1910. — February 28, 1911.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Nuisance,* By reason of snow or ice.    *Ice and Snow.*

St. 1908, c. 305, declaring that the provisions of R. L. c. 51, §§ 20–22, " so far as they relate to notices of injuries resulting from snow or ice, shall apply to actions against persons or corporations founded upon the defective condition of the premises of such persons or corporations, or of an adjoining way, whenever such defective condition is caused by, or consists in part of, snow or ice," applies to an action for personal injuries caused by snow and ice which fell upon the plaintiff from the roof of the defendant's building where the defendant negligently had permitted it to accumulate, and there is no liability unless the required notice was given within ten days after the injury.

TORT for expenses incurred by reason of personal injuries alleged to have been sustained by the plaintiff's infant daughter as below set forth. Writ dated June 19, 1909.

The declaration was as follows : " The plaintiff says that the defendant is a religious society situated in Newburyport in said County of Essex; that on or about January 21, 1909, the plaintiff's infant daughter Lucinda M. Baird, while walking by a church edifice, the property of the defendant, situated in Newburyport aforesaid, and while in the exercise of due care, was struck and thrown to the ground and rendered unconscious by snow and ice which fell from the roof of said edifice and which said defendant had negligently permitted to accumulate on said roof ; that said defendant neglected to provide proper safeguards to prevent said snow and ice from falling upon said plaintiff's infant daughter as aforesaid ; that the plaintiff has expended and will be compelled to expend large sums of money for medical attendance and nursing of his said infant daughter; that said plaintiff has lost the services of his said infant daughter by reason of defendant's negligence; that said plaintiff's infant daughter was in the exercise of due care and the defendant was negligent, all to the plaintiff's damage."

The defendant demurred to the declaration as follows : " Now comes the defendant in the above entitled action and demurs to the plaintiff's declaration for that it is not alleged nor does it appear that notice of the time, place and cause of the injury or damage alleged was given, as required by R. L. c. 51, §§ 20–22, and by St. 1908, c. 305."

In the Superior Court Raymond, J., sustained the demurrer and ordered judgment for the defendant. From the judgment entered in pursuance of this order the plaintiff appealed.

St. 1908, c. 305, is as follows : " The provisions of sections twenty, twenty-one and twenty-two of chapter fifty-one of the Revised Laws, in so far as they relate to notices of injuries resulting from snow or ice, shall apply to actions against persons or corporations founded upon the defective condition of the premises of such persons or corporations, or of an adjoining way, whenever such defective condition is caused by, or consists in part of, snow or ice. Leaving the notice with the occupant of said premises, or, in case there is no occupant, posting the same in a

conspicuous place thereon, shall be a sufficient compliance with the foregoing provisions."

The case was submitted on briefs.

*T. S. Herlihy*, for the plaintiff.

*J. H. Casey, N. N. Jones & E. Foss*, for the defendant.

HAMMOND, J. The question is whether St. 1908, c. 305, applies to the case stated in the plaintiff's declaration.

At the time of the passage of this statute there were two kinds of liability for damages suffered by a traveller through a defect in a public way, the one created by statute, the other existing at common law. The first was imposed upon only such parties as were charged by law with the duty of keeping the ways in proper condition, and was based upon a neglect to perform that duty. The second rested upon parties by whose acts, positive or negligent, a defect was created in the way. One of the conditions of the statutory liability was that within a certain prescribed time after the injury there should be given to the person sought to be charged a notice of the time, place and cause of action. Pub. Sts. c. 52, § 19. This notice is not a mere step in enforcing a cause of action, but is a condition precedent to its existence, or in other words is one of its essential elements. *Gay* v. *Cambridge*, 128 Mass. 387. No such notice was required, however, in the case of the common law liability.

It may be contended that, so far as respects the defective condition of the premises, the statute under consideration applies only to such defects on private premises as render insecure the footing of the traveller thereon. But we think that is too narrow a construction. It is to be observed that this statute is not an amendment to R. L. c. 51, § 20. It has no relation whatever to the statutory liability imposed by that chapter. So far as respects public streets it refers only to the common law liability for the creation of a nuisance therein, and gives to those liable at common law for defect in a public way the same right to notice as that to which theretofore those upon whom rested the statutory liability were entitled.

But the statute does not stop with public streets, nor does it by express language name streets at all except " an adjoining way." It goes farther and declares that the notice shall be given in cases where there is a defective condition of the premises.

Now, the common law liability for a defect in the premises is not confined to cases where the defect is in a private way, but may extend to any defect whereby employee, visitor, or stranger may be injured. In our climate defects so far as caused by ice or snow may be very transient; and the manifest purpose of this and similar statutes is to give to the person charged with neglect prompt notice, so that he may have a reasonable chance to examine into the cause of complaint and collect evidence of the facts. Whether the defect be in a private way or on some other part of the premises, the reason for the notice is equally applicable. In view of the comprehensiveness of the language of the statute and the manifest purpose of its enactment, it must be held that its scope is not limited to defects in ways, public or private, for which a person or corporation may be answerable at common law, but extends to any defect upon the premises whether or not it be in a way.

R. L. c. 51, § 20, provides that the notice shall be given within ten days after the injury, if the defect consists " in part of snow or ice, or both." It is plain from the allegations of the declaration that the defective condition of the defendant's building to which the injury to the plaintiff's daughter was attributable consisted in part of the snow and ice then being upon the roof, and in part of the lack of proper safeguards to prevent the snow and ice from falling. The defect consisted in part of snow and ice, and the statute is applicable. There is in the declaration no averment that notice was given. The demurrer was therefore rightly sustained.

*Judgment for the defendant.*