## HERBERT E. HARRIS, Respondent, v. McCLINTIC-MARSHALL CONSTRUCTION CO., Appellant.

### Kansas City, Court of Appeals, March 3, 1913.

1. **NEGLIGENCE: Employee: Bridge Work: Foreman.** Plaintiff's father was employed by a bridge company as a laborer in building a bridge across the Missouri river. He was standing on a girder seventy-five feet above ground, when knocked off and killed. An electric engine ran a derrick with boom and large heavy chain which was swung around from place to place in the work. The custom was for the chain to be so kept up that it would be higher than the heads of the workmen. The foreman always gave the signal to the engineer to start by calling out "boom around," and it was his duty to call a warning to the workmen if the chain was swinging low. The foreman signalled the engineer and the boom started with the chain lower than the heads of the workmen and no warning of this was given. The chain struck deceased from behind, knocking him to the ground below. It was *held* that defendant, through its foreman, was guilty of negligence and was liable to plaintiff as only surviving child.

2. **DAMAGES: Excessive Verdict.** Where an employee, killed by the negligence of a bridge company, was divorced from his wife, leaving an only child, who lived with the mother, has not abandoned the child, though not then supporting it, a verdict of $2500 in the child's favor was *held* not to be excessive.

3. **————: ————: ————: Remittitur: Prejudice of Jury.** Where a verdict was for $5000 and the court ordered a remittitur of $2500, it does not follow that a new trial should be had on the ground that the verdict showed prejudice on the part of the jury.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas,* Judge.

AFFIRMED.

*Gilmore & Brown* for appellant.

(1) Evidence on behalf of the plaintiff that defendant should have had a signal man to watch the hook and chain, was no evidence of negligence. Staf-

ford v. Adams, 113 Mo. App. 72; Champagne v. Hamey, 189 Mo. 709. (2) The practice of defendant in having the boom operated without a signal man or without having the foreman watch it, was not negligence, and the jury should have been so instructed. Aerkfetz v. Humphrey, 145 U. S. 418; Lowring v. Railroad, 128 Mo. 349; Galvin v. Railroad, 162 Mass. 533; Schraible v. Railroad, 97 Mich. 318; Moules v. Canal Co., 141 Pa. St. 632; Allard v. Contract Co., 116 Pac. 445. (3) Defendant had a right to rely upon Harris' fellow-servants acting with good sense and discretion toward each other. The injury being the result of a failure on their part to do so, there can be no recovery. Relyea v. Railroad Co., 112 Mo. 86; Ryan v. McCullough, 123 Mo. 636; Chrismer v. Telephone Co., 149 Mo. 212; Pulley v. Oil Co., 136 Mo. App. 172. (4) Plaintiff, if entitled to recover, could only recover for such support as he would have received from his father until he attained his majority. Goss v. Railroad, 50 Mo. App. 614. (5) Conjectural damages will only be allowed for parental care and nurture, of which there was a total absence in this case. Parsons v. Railroad, 94 Mo. 286; Ellingson v. Railroad, 60 Mo. App. 679. (6) The verdict, being grossly excessive, can have only been reached as the result of passion and prejudice on the part of the jury, and therefore demands a new trial. Doty v. Steinberg, 25 Mo. App. 328; Chitty v. Railroad, 148 Mo. 64; Gibney v. Transit Co., 204 Mo. 704; Koeltz v. Bleckman, 46 Mo. 320; Ice Co. v. Tamm, 90 Mo. App. 189; Norris v. White, 158 Mo. 20. (7) The remittitur in the trial court does not cure the defect of so excessive a verdict. Partello v. Railroad, 217 Mo. 645.

*E. R. Morrison, James E. Nugent* and *Horace M. Fox* for respondent.

(1) The demurrers of the defendant were properly overruled. Jordan v. Structural Co., 197 Mass.

43; Railroad v. Fox, 31 Kan. 586; Brick and Tile Co. v. Shanks, 69 Kan. 306; Dayharsh v. Railroad, 103 Mo. 570; Koerner v. Car Co., 209 Mo. 141; Stewart v. Railroad, 149 Mo. App. 456. (2) The judgment in this case is not excessive. Sipple v. Gas Light Co., 125 Mo. App. 94; Gamache v. Tin Foil Co., 116 Mo. App. 596; Keller v. St. Louis, 156 Mo. 596; Shannon v. Shannon, 97 Mo. App. 119; Voelker v. Construction Co., 153 Mo. App. 1; Knight v. Lead & Zinc Co., 75 Mo. App. 541; Tillie v. Railroad, 29 N. Y. 252; McIntire v. Railroad, 37 N. Y. 287; Stoher v. Railroad, 91 Mo. 509; International Railroad v. Kuehn, 2 Tex. Civ. App. 216. (3) The verdict in this case was not the result of passion and prejudice. Cook v. Printing Co., 227 Mo. 471; Chitty v. Railroad, 166 Mo. 435; Burghill v. Norton, 175 Mo. 206; Partello v. Railroad, 240 Mo. 122.

ELLISON, P. J.—Defendant was engaged in constructing the iron and steel superstructure to a bridge across the Missouri river at Kansas City, Missouri. Plaintiff's father was an employee with others under the direction and superintendence of a foreman. At the time in question he was at work near seventy-five feet from the ground and was knocked off the bridge by a heavy chain attached to a boom, as it was being swung around. He fell to the ground and was killed. He was divorced from his wife and he left plaintiff, a boy ten years of age, as his only child. Plaintiff brought this action for damages and obtained a verdict for five thousand dollars, of which twenty-five hundred dollars was remitted in the trial court.

There was a demurrer to the evidence, overruled by the court. We will not set out a detailed statement of the facts; but we will accept the evidence in plaintiff's behalf tending to prove the issues tendered by him, as the facts of the case. Deceased was thirty years of age at his death and was strong in body, in-

dustrious, and generally in good health. He was earning four dollars per day. He was standing on a steel girder high above the ground engaged with others in constructing the bridge, the foreman being near by. An engineer in charge of an electric engine operated a derrick. When a signal was given to the engineer by the foreman, he would start it, and the boom with a heavy chain attached would begin to swing around at a speed of a man's ordinary walk. A coworker would guide the boom by means of two swing lines, one in either hand. There was evidence tending to show that when swinging around, the chain should be higher than the heads of the workmen, or, if not, that a warning should be given of its coming. In the instance resulting in deceased's death, the foreman signalled by crying out to the engineer, "Boom around," when it started with the chain above the girders but lower than the heads of the men. He did not cry a warning for the chain, and as it passed around approaching deceased from behind, it knocked him off. The jury could well infer from the evidence that the foreman's failure to give warning of the chain, or to notice deceased's peril, was from the fact that after giving the signal he began a conversation with some one.

On the question of contributory negligence of deceased, it is suggested that the order of the foreman, "boom around," was a warning which he must have heard, since others further away heard it. But it was rightly a question for the jury whether deceased could not well have relied upon a look-out warning if the chain was low enough to strike him, especially as he was known to be at work with his back to it, and that it was known to be the foreman's duty to watch the chain, or appoint some one to do it.

We have not discovered any ground for attributing the injury to the negligence of deceased's fellow-servants.

We have no doubt of the propriety of the action of the court in refusing defendant's demurrer. The foreman stood for the defendant and the latter is liable for his neglect. [Miller v. Mo. Pac. Railway, 109 Mo. 350; Stewart v. Railway Co., 149 Mo. App. 456; Dayharsh v. Railway Co., 103 Mo. 570; Jordan v. New England Structural Co., 197 Mass. 43.] This last case is one with many facts similar to the case at bar.

The only matter which has given us any concern is the amount of the verdict. Defendant calls attention to the fact that plaintiff was only entitled to his pecuniary loss and that he was living with his divorced mother. But the evidence does not show that deceased had abandoned him, or that he did not intend to discharge parental duty to him. On the contrary it shows that he corresponded with him and asked him more than once to come to him. The letters show an expectation to visit the child and disclose affectionate consideration. The fact that the trial court required a reduction of the verdict one-half, is not conclusive of prejudice on the part of the jury, as is evidenced by the action of the Supreme Court in the following cases: Partello v. Railway Co., 240 Mo. 122; Chitty v. Railway Co., 166 Mo. 435; Cook v. Globe Printing Co., 227 Mo. 471.

While the jury must have a basis for the sum awarded, yet the damages are necessarily in great part conjectural.

We conclude we should not interfere and hence affirm the judgment. All concur.