## Ida P. Erickson *vs.* Thomas G. Buckley.
### Victor F. Erickson *vs.* Same.

Suffolk. March 13, 1918. — June 24, 1918.

Present: Rugg, C. J., Loring, Braley, De Courcy, Crosby, Pierce, & Carroll, JJ.

*Negligence,* Of one controlling real estate. *Snow and Ice. Practice, Civil,* Exceptions, Amendment after verdict. *Notice. Husband and Wife.*

In an action against the owner of an apartment house by the occupant of an apartment therein for personal injuries sustained by falling on the outside steps of the house, controlled by the defendant and used in common by all the tenants, by reason of snow or ice negligently allowed to accumulate and remain thereon, there was evidence that the defendant had taken upon himself the duty of cleaning the platform and steps from ice and snow, that ice had formed on the edge of the platform and steps during the day preceding that of the plaintiff's injuries and that the janitor, whose duty it was to keep the sidewalk clear of snow and ice, negligently failed to notice the ice or to do anything to remedy the slipperiness of the steps and platform. There also was evidence that due notice of the time, place and cause of the injury was given to the defendant. *Held,* that the plaintiff was entitled to go to the jury.

In the case described above the declaration contained two counts, the first alleging a failure to keep the steps in repair and the second alleging a defective condition due to snow or ice or both. The only issue tried was that contained in the second count, which was tried fully on the merits. The judge refused to order a verdict for the defendant on either of the counts, and the jury returned a verdict for the plaintiff, the defendant alleging exceptions. *Held,* that, as the verdict

was warranted by the evidence on the second count, on which the case was tried, the defendant was not harmed by the judge's refusal to order a verdict for him on the first count, which could be cured by the allowance of an amendment to the first count after verdict.

Under St. 1908, c. 305, as amended by St. 1913, c. 324, a husband, who has incurred expenses by reason of personal injuries sustained by his wife resulting from snow or ice, is required to give the statutory notice in order to maintain an action for his loss thus sustained.

A notice given by a wife under St. 1908, c. 305, as amended by St. 1913, c. 324, of personal injuries sustained by her resulting from snow or ice, which is confined by its terms to her claim for damages and was "given at her request and in her behalf. By her attorneys, . . ." is not a notice in behalf of her husband as the foundation of a claim by him for consequential damages arising from her injuries.

Two ACTIONS OF TORT against the owner of an apartment house numbered 25 on Woodford Street in the part of Boston called Dorchester, the first by a married woman, occupying with her husband an apartment in the house, for personal injuries sustained by her on February 21, 1916, at about half past seven o'clock in the evening by falling on the outside steps of the house in the control of the defendant, which were used in common by all the tenants in the house, and the second action by the husband of the plaintiff in the first case for the loss of his wife's services and society and expenses for medicine, medical attendance and nursing incurred by reason of her injuries. Writs dated May 19, 1916.

The declaration in the first action contained two counts, the first count alleging that the steps were in a dangerous condition by reason of the negligence of the defendant in failing to keep them in repair, and the second count alleging that "said defect or want of repair was caused by and consisted in whole or in part of snow or ice or both," and that the plaintiff "gave the defendant due notice of the time, place and cause of said injury." The declaration in the second action also contained two counts containing corresponding allegations.

In the Superior Court the two cases were tried together before *J. F. Brown*, J. The evidence is described in the opinion. There was no evidence of any notice given by the husband of the time, place and cause of the accident to his wife, unless the notice given by the wife served the purpose of a notice in behalf of the husband also. At the close of the evidence the defendant in each case made a motion in writing that a verdict be ordered for the defend-

ant. The judge denied these motions. The defendant then asked the judge to make the following rulings in the first case only, that of Ida P. Erickson:

"19. Upon all the evidence the plaintiff is not entitled to recover under the first count of the declaration.

"20. Upon all the evidence the plaintiff is not entitled to recover under the second count of the declaration.

"21. Upon all the evidence the plaintiff is not entitled to recover."

The judge refused to make any of these rulings, and submitted the cases to the jury, who returned a verdict for the plaintiff in the first case in the sum of $2,000 and a verdict for the plaintiff in the second case in the sum of $150. The defendant alleged exceptions.

The case was argued at the bar in March, 1918, before *Rugg,* C. J., *Braley, De Courcy, & Pierce,* JJ., and afterwards was submitted on briefs to all the justices.

*L. A. Mayberry,* for the defendant.

*D. E. Hall,* for the plaintiffs.

PIERCE, J. In the first action, in the absence of the defendant from the Commonwealth, a statutory notice of the accident was left at the business office of the defendant with his sister and managing clerk, who was authorized to receive legal notices, within the limitation of time for the service of such a notice prescribed by St. 1913, c. 324. The sister immediately sent notice of the accident to the defendant, who received it within ten days of the accident and thereupon wrote the plaintiff on March 16, 1916, "I learned a few days ago of your accident, and I wish to assure you of my sympathy in these trying days or weeks. I trust you are being cared for by skilled physicians, and that you have every reason to expect a speedy and perfect recovery." We are of opinion the jury would also be warranted in finding from the letter of the defendant to the plaintiff that the defendant received from the sister the notice itself. *Tobin* v. *Taintor,* 229 Mass. 174. No question is presented as to the sufficiency of the notice in matter of form or substance.

Upon the merits these actions were tried and went to the jury "solely upon the contention maintained by the plaintiff and disputed by the defendant that the accident was due to the negligence of the defendant's servants and agents in failing

to keep that portion of the premises in question free from an accumulation of ice and to negligence in failing to remove said ice or [to] sand the same." At the close of the evidence the defendant made a motion to the court in writing to direct a verdict for the defendant in each case. The court denied the motion and the defendant excepted.

We are of opinion the evidence offered by the plaintiff was ample to warrant a finding that the defendant had taken upon himself the duty of taking care of the platform and stairs and of clearing ice and snow therefrom; that ice had formed upon the edge of the platform and stairs during the day preceding the plaintiff's accident and that the janitor, whose duty it was to keep the sidewalk clear of snow and ice, negligently failed to notice the ice or to do anything to remedy the slipperiness of the steps and platform. *Nash* v. *Webber,* 204 Mass. 419. *Callahan* v. *Dickson,* 210 Mass. 510. We do not think there is enough conflict in the testimony to warrant a re-statement and analysis of it here.

The plaintiff's declaration is in two counts. The first count does not allege the giving of a notice or make claim of a defect due solely to snow and ice, but alleges a defect in the platform and stairs. It follows that there was a variance between the allegation and proof. It appears from the certificate of the presiding judge, and from the charge, that the only issue tried was that contained in the second count. It therefore appears that the merits of the case have been tried fully and that no harm came to the defendant by the refusal to order a verdict on the first count.

In the second action, assuming that the wife had a cause of action and that damage and injury to the plaintiff resulted therefrom, the question presented is whether the plaintiff by St. 1908, c. 305, as amended by St. 1913, c. 324, was required to give notice of the time, place and cause of the injury or damage in the manner provided in R. L. c. 51, §§ 20, 21, 22, so far as these sections relate to injuries resulting from snow and ice. *Baird* v. *Baptist Society,* 208 Mass. 29. *McNamara* v. *Boston & Maine Railroad,* 216 Mass. 506.

The common law right of the plaintiff to recover for the expense to which he had been put by reason of the injury to the wife resulting from the negligence of the defendant, is indisputable. *Kelley* v. *New York, New Haven, & Hartford Railroad,* 168 Mass.

308. *Nolin* v. *Pearson,* 191 Mass. 283. His right is not consequential upon the right of the wife because it once belonged to her and has been transferred to him. Her rights to damage for injury to person and property under the statutes are independent of his rights to compensation for like injuries, although their individual rights may have a common origin. In the prosecution of their several and independent rights there is no privity in the assertion of their demands; and a judgment in favor of a defendant in an action brought by either of them is not a bar to an action by the other. *Kelley* v. *New York, New Haven, & Hartford Railroad, supra. Duffee* v. *Boston Elevated Railway,* 191 Mass. 563. *Mulvey* v. *Boston,* 197 Mass. 178. *McCarthy* v. *Wood Lumber Co.* 219 Mass. 566, 570. "The actions are as independent of each other as are two actions founded on a collision of two teams, caused by the negligence of the defendant, one brought by the driver, a servant of the owner of the team, to recover for his personal injuries, and the other by the owner, to recover for damages to his horses and wagon. The defendant's liability for the damages in the two cases depends upon the same facts, but there is no privity between the plaintiffs. Each is enforcing an independent right." Knowlton, C. J., in *Duffee* v. *Boston Elevated Railway, supra.*

Under the employers' liability act, R. L. c. 106, and under the workmen's compensation act, St. 1911, c. 751, the common law right of a third person to recover for injuries sustained by him as a consequence of harm and injury coming upon another through the negligence of the defendant, is not barred by the neglect or refusal of that person to give notices which are conditions precedent to any right of recovery by that person, by a release or by a refusal to prosecute, for the reason that the rights of third persons are not included in the terms of the act. *Jordan* v. *New England Structural Co.* 197 Mass. 43, 46. *King* v. *Viscoloid Co.* 219 Mass. 420.

St. 1908, c. 305, as amended by St. 1913, c. 324, provides: "The provisions of sections twenty, twenty-one and twenty-two of chapter fifty-one of the Revised Laws, in so far as they relate to notices of injuries resulting from snow or ice, shall apply to actions against persons or corporations founded upon the defective condition of the premises of such persons or corporations, or of an adjoining way, whenever such defective condition is caused by,

or consists in part of, snow or ice." R. L. c. 51, § 20, provides: "A person so injured shall . . . give . . . notice. . . ." The person injured and the nature of the injury to which § 20 relates is defined in § 18 as follows: "If a person sustains bodily injury or damage in his property by reason of a defect. . . ." And under a narrow construction of this statute it has been uniformly held that damages are given only for direct injury to the person and to property. *Raymond* v. *Haverhill*, 168 Mass. 382, 383. *Nestor* v. *Fall River*, 183 Mass. 265, 267. A like construction has been given to R. L. c. 171, § 1, relating to the survival of actions. *Smith* v. *Sherman*, 4 Cush. 408. *Nettleton* v. *Dinehart*, 5 Cush. 543. *Cutting* v. *Tower*, 14 Gray, 183. *Hey* v. *Prime*, 197 Mass. 474.

On the other hand, the right to recover for injuries resulting from a defective condition of premises caused by snow and ice is a common law right and embraces all injuries to persons or property direct or consequential, resulting from the negligent observance of a duty imposed on the owner of the premises through an express or implied obligation. The provision of St. 1908, c. 305, as amended, that notice shall be given in "actions" imports that notice shall be given in all kinds of actions which any person at common law has "against persons or corporations founded upon the defective condition of the premises . . . whenever such defective condition is caused by, or consists in part of, snow or ice." *Baird* v. *Baptist Society, supra*. *McNamara* v. *Boston & Maine Railroad, supra*. So construed the notice required to be given as a condition precedent to the right to maintain an action must appear to have been "given on behalf of the person who brings the suit," *Driscoll* v. *Fall River*, 163 Mass. 105, 108, and be given "for the purpose of fixing his right of action." *Carroll* v. *New York, New Haven, & Hartford Railroad*, 182 Mass. 237, 241.

The notices of Mrs. Erickson cannot be held to have been given on behalf of any other person injured, because such inference is excluded by the statement therein "that Mrs. Erickson proposes to hold you liable in damages for her said injuries. This notice is given at her request and in her behalf. By her attorneys. . . ." The express limitation of the notice to the claim of Mrs. Erickson distinguishes the case at bar from *Merrill* v. *Paige*, 229 Mass. 511.

It may be noted that under similar statutory provisions a separate notice by the husband was held to be necessary in an

action by him to recover consequential damages for injuries to his wife sustained while travelling on a public highway. *McKeague* v. *Green Bay,* 106 Wis. 577. *Sargent* v. *Gilford,* 66 N. H. 543, 544.

In the first action, upon the allowance of an amendment to the first count to the effect that the accident was due in whole or in part to snow and ice and that due notice thereof was given to the defendant, the exceptions are overruled.

In the second action a verdict should have been directed for the defendant; and the exception to the refusal so to do must be sustained and judgment be entered for the defendant. St. 1909, c. 236.

*So ordered.*