ELLEN RANKIN *vs.* WORDELL AND McGUIRE COMPANY.

Bristol.   October 26, 1925. — November 25, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Snow and Ice.   Notice.*

The requirements of G. L. c. 84, §§ 18, 21, relating to notice in writing as to an injury resulting from snow and ice, cannot be found to have been fulfilled upon evidence, at the trial of an action by the person injured against the owner of the premises, merely showing that, within ten days of the injury, after a conversation between the plaintiff and the defendant, which was taken down by the defendant's bookkeeper and in which the plaintiff described his accident, a man sent by the defendant called upon the plaintiff and wrote out an account of the accident as he described it, and the plaintiff then signed the statement, which was in the possession of the defendant's counsel at the trial.

TORT for personal injuries caused by slipping on snow and ice in front of a store of the defendant on Pleasant Street in Fall River on February 28, 1920.   Writ January 14, 1921.

In the Superior Court, the action was tried before *Sisk*, J. There was evidence that, two days after the accident, the plaintiff went to the defendant's store and interviewed the defendant's treasurer and general manager there, who told her that she would hear from him later and that in a few days some one would call upon her; that the conversation was taken down by the defendant's bookkeeper; that two or three days later "a young man did call upon her, and that he wrote out the account of the plaintiff's accident, as described by her, in front of the defendant's store on February 28, 1920, and that she signed the statement prepared by the said young man.   The defendant's counsel agreed at the time of the trial in this case that the statement signed by the plaintiff for the young man was in the defendant's counsel's possession."   A verdict was ordered for the defendant. The plaintiff alleged exceptions.

*D. R. Radovsky,* for the plaintiff.

*H. S. R. Buffinton,* for the defendant.

BRALEY, J. The exceptions state there was evidence tending to show that the plaintiff, while walking on a public way in front of the defendant's store on February 28, 1920, slipped and fell on frozen snow, the fall causing serious personal injuries for which she seeks damages. The answer was a general denial, and the jury could find that because of the defendant's negligence snow had been so pushed back, piled and left on the sidewalk as to render it unsafe for the use of pedestrians. But the plaintiff could not recover without introducing evidence from which it could be found that within ten days after the date of injury she gave notice in writing to the defendant corporation of the time, place and cause of the injury. G. L. c. 84, §§ 18, 21. It is a condition precedent to the right to maintain the action. *Baird* v. *Baptist Society*, 208 Mass. 29. The conversation descriptive of the accident between the plaintiff and the defendant's treasurer and general manager, and the memorandum then made by the defendant's bookkeeper, as well as subsequent statements in writing showing an account of it prepared by a person sent by the manager, although signed by the plaintiff, are insufficient to show compliance with the statute. *Erickson* v. *Buckley*, 230 Mass. 467. *Haverty* v. *Ernst*, 232 Mass. 543. The verdict for the defendant was ordered rightly.

*Exceptions overruled.*