HOLLIS GODFREY vs. BUILDING COMMISSIONER OF THE CITY
OF BOSTON & another.

JOSEPH P. LOMASNEY vs. SAME.

Suffolk.   March 30, April 2, 1928.— May 26, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Zoning. Boston. Mandamus.*

The provisions of St. 1924, c. 488, § 20, as amended by St. 1927, c. 220, § 6,
    providing for persons aggrieved and certain municipal officials a remedy
    by way of a petition for a writ of certiorari to correct errors committed
    by the board of zoning adjustment of the city of Boston, are exclusive;
    and a person so aggrieved cannot maintain a petition for a writ of man-
    damus to compel the building commissioner to enforce the statute in
    order to correct alleged errors by that board; distinguishing *Bancroft*
    v. *Building Commissioner of Boston*, 257 Mass. 82.

A petition for a writ of mandamus to correct the alleged errors above de-
    scribed cannot be maintained by a resident and citizen of Boston with-
    out private interest, although he is afforded no remedy under said § 20.

Two PETITIONS, filed in the Supreme Judicial Court for
the county of Suffolk on March 1, 1928, and March 7, 1928,
respectively, for writs of mandamus to compel the building
commissioner of the city of Boston to enforce the provisions
of the zoning law of that city, St. 1924, c. 488, as amended.

The petitions were heard together by *Carroll*, J., upon
the pleadings and an agreed statement of facts. Material
facts are stated in the opinion. The single justice ordered
the writs to issue and reported the petitions for determina-
tion by the full court.

*K. C. Dunlop*, for the petitioner Godfrey.

*A. S. Allen*, for the petitioner Lomasney.

*L. Schwartz*, Assistant Corporation Counsel, for the re-
spondent commissioner.

*M. M. Johnson*, (*F. A. North & D. Greer* with him,) for
Sears, Roebuck and Company.

*E. R. Anderson*, by leave of court, filed a brief as *amicus
curiae.*

Rugg, C.J.    These are petitions for writs of mandamus whereby it is sought to compel the respondent to revoke or withhold a building permit for the erection on described land of a building over one hundred feet in height, and to take appropriate steps to prevent the erection of such building. The controversy arises under the zoning law of the city of Boston, St. 1924, c. 488, as amended.    The agreed facts, so far as material, are that the board of zoning adjustment, purporting to act under powers conferred by § 20 of said c. 488, carved out of a zoning district theretofore known as B-80, being a general business district in which the height of buildings was limited to eighty feet, a new zoning district known as B-155, being a general business district in which the height of buildings is limited to one hundred and fifty-five feet.    This new district was not adjacent to but was far distant from any previously existing B-155 district.    The new B-155 district contains a little more land than is owned by the intervening landowner, which is to occupy and use for its business the proposed building if erected.    The petitions are founded on the contention that the creation of such a new and isolated district is beyond the jurisdiction conferred upon the board of zoning adjustment.

The petitioner Godfrey is a resident and citizen of Boston, zealous in the enforcement of law but without private interest. The petitioner Lomasney is an owner of nearby land and is aggrieved within the meaning of § 18 of said c. 488.    He was notified of the hearing to be held by the board of zoning adjustment on the petition to carve out the new B-155 zoning district and of the decision thereon; he was represented by counsel at the hearing, and opposed the allowance of the petition.    He knew of a petition for a writ of certiorari seasonably brought by other aggrieved landowners against the board of zoning adjustment to quash its action in creating the new B-155 zone, but was not a party thereto.

Question is raised by the respondents as to the right of the petitioners to maintain these proceedings.    The decision of that question depends upon the terms of said c. 488 touching the remedy afforded for wrongs committed by the board of zoning adjustment.    It is provided by § 20 of said chapter

as amended by St. 1927, c. 220, § 6, with respect to the power of that board to "change the boundaries of districts by changing the zoning map," that "No such change shall be made except by the decision of not less than four fifths of the members of the board, excepting only any member or members not qualified to act, rendered after a public hearing thereon, of which notice shall be mailed to the petitioner, if any, to the building commissioner, the chairman of the assessing department, the chairman of the street laying-out department, the commissioner of public works, the fire commissioner and the health commissioner of the city of Boston, and to the owners of all property deemed by the board to be affected thereby as they appear in the most recent local tax list and also advertised in a daily newspaper published in the city of Boston . . . . If a change be favorably decided upon or if a decision of the board of appeal shall be confirmed, any person aggrieved or any municipal officer or board may, within fifteen days after the entry of such decision, bring a petition in the Supreme Judicial Court for the county of Suffolk for a writ of certiorari setting forth that such decision is in whole or part not in accordance with the duties and powers of such board as above prescribed and specifying the particulars of such non-compliance."

The statute thus provides for definite notice of the hearing to be held by the board of zoning adjustment to numerous public officers of the city of Boston and to all landowners thought by the board to be affected by the change, as well as for a general public notice. It ordinarily must be presumed that such determination of landowners likely to be affected will be made in good faith and exclude none fairly within the scope of the statute. *Duffy* v. *Treasurer & Receiver General*, 234 Mass. 42, 50. There is no suggestion in the case at bar that the decision on this point was not fair. The statute affords remedy by certiorari to correct errors made by the board of zoning adjustment to "any person aggrieved." Those words in this connection have a comprehensive meaning and are not constricted to a narrow signification. See *Ayer* v. *Commissioners on Height of Buildings in Boston*, 242 Mass. 30, 33. "Any municipal officer or

board" is given like remedy although having no private or special interest in the particular matter. Thus a considerable number of individuals is included in the classes to whom the remedy by certiorari is afforded.

A survey of the general scope of the special provisions of § 20 of said c. 488 requires the conclusion that it was the intent of the Legislature to cover the field of zoning for Boston in its main aspects so far as concerns changes in boundaries of districts and the remedy for errors or wrongs thought to have been thereby committed. In *Doyle* v. *Kirby*, 184 Mass. 409, 411, it was said by Chief Justice Knowlton with citation of earlier supporting authorities, "It is a recognized principle that the enactment of a statute which seems to have been intended to cover the whole subject to which it relates, impliedly repeals all existing statutes touching the subject and supersedes the common law." That principle has been recognized in numerous recent decisions. *Warr* v. *Collector of Taxes of Taunton*, 234 Mass. 279, 282. *Commonwealth* v. *Commissioner of Banks in re Prudential Trust Co.* 240 Mass. 244, 250. *Boston* v. *Edison Electric Illuminating Co. of Boston*, 242 Mass. 305, 311. *Cosmopolitan Trust Co.* v. *Suffolk Knitting Mills*, 247 Mass. 530, 533. *Norcross* v. *Board of Appeal*, 255 Mass. 177, 182. That principle in our opinion is applicable to the present petitions.

The remedy by certiorari under our practice may not be as thorough as to ascertainment of all relevant facts as that provided, for example, by special words of Laws of New York, 1916, c. 503, § 719a, for Greater New York, and of Laws of New York, 1920, c. 743, § 82, for other cities in New York. But it is what the General Court has enacted. It cannot be pronounced inadequate. That remedy must be sought also within the brief time of fifteen days after the decision. But that is not without precedent in our own statutes, and has been recognized in decisions. *Baird* v. *Baptist Society*, 208 Mass. 29. *Rankin* v. *Wordell & McGuire Co.* 254 Mass. 109. The remedy thus afforded is not altogether illusory but may be effective in some circumstances. See *Prusik* v. *Board of Appeal*, 262 Mass. 451. If it is thought to be

too narrow or not to be sufficient for any reason, relief must be sought from the legislative department of government.

It is a general principle respecting petitions for the writ of mandamus that such writ will not issue where other remedy is open. *Perry* v. *Hull*, 180 Mass. 547. *Attorney General* v. *New York, New Haven & Hartford Railroad*, 197 Mass. 194, 199. *Cheney* v. *Coughlin*, 201 Mass. 204, 207, *Daly* v. *Mayor of Medford*, 241 Mass. 336, 339, and cases collected. *County Commissioners* v. *Mayor of Newburyport*, 252 Mass. 407, 410. Although the petitioner Godfrey was afforded no remedy under said § 20, he belongs to a class without private interest to whom the Legislature has decided that no remedy ought to be given.

The provisions of said § 20 already quoted distinguish the case at bar from decisions like *Bancroft* v. *Building Commissioner of Boston*, 257 Mass. 82. That case arose under St. 1907, c. 550, which made no provision whatever for remedy by private individuals. It was held that mandamus might be invoked. As already pointed out, the provisions of § 20 of said c. 488 cover the field of remedy for the violation of its terms.

Arguments have been urged in support of these petitions founded on illustrations of conceivable action by the board of zoning adjustment in excess of its jurisdiction, where no relief had been sought by certiorari under § 20, which might be remediless. We do not undertake to determine the effect if any, of such action, nor to decide how extrajurisdictional conduct of that nature may be dealt with, nor to inquire whether it protects anybody. We only decide that these petitioners have no standing to maintain the present proceedings.

The grounds of this decision render unnecessary any discussion of the difference between the positions of the two petitioners. It is decisive in these cases that the petitioners cannot maintain these petitions and therefore we cannot consider whether the board of zoning adjustment transcended its powers in creating the new B-155 district; no intimation is made on that point.

*Petitions dismissed.*