## IRENE E. WOOD *vs.* TOWN OF OXFORD.

## HENRY W. WOOD *vs.* SAME.

Worcester.    May 22, 1934. — April 4, 1935.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Municipal Corporations*, Liability for tort. *Negligence*, Of one owning or controlling real estate. *Notice. Snow and Ice.*

Where a town hall contained rooms which were used by the officers of the town in conducting its business, and rooms which were used for town meetings and other public gatherings and upon sundry occasions were rented for a consideration, although not by lease, for private, commercial and other purposes, the town was liable in tort for injuries resulting from its negligence in the construction and maintenance of the hall.

The giving by a husband of the notice required by G. L. (Ter. Ed.) c. 84, § 21, is a condition precedent to the maintenance by him of an action for consequential damages resulting from personal injuries sustained by his wife and arising from snow or ice.

TWO ACTIONS OF TORT. Writs dated March 4, 1931.

The actions were heard together in the Superior Court by *W. A. Burns*, J., without a jury. Material evidence is stated in the opinion. The judge found for the plaintiffs in the sums, respectively, of $2,000 and $184. The defendant alleged exceptions.

*E. G. Norman & A. L. Hall*, for the defendant, submitted a brief.

*R. B. Dodge*, for the plaintiffs.

RUGG, C.J. This action of tort by Irene E. Wood, hereafter called the plaintiff, is brought to recover compensation for personal injuries sustained by her in January, 1931, while walking upon a driveway, caused by a mass of snow, ice and slate falling upon her from the roof of the town hall of the defendant. The other action by her husband

is brought to recover consequential damages for medical services and other expenses paid on account of the injuries to his wife. The plaintiffs contend that these damages to them resulted from the negligence of the defendant in the construction and maintenance of its town hall. The cases were tried without a jury by a judge who took a view of the premises. The town hall was a two-story building ninety-two and four tenths feet long and fifty-five feet wide. It contained five rooms, two halls and a basement. The rooms were used by the selectmen and other town officers in the conduct of the business of the town. The halls were used for town meetings and gatherings of a public nature and were rented for moving pictures, private, commercial and other purposes during 1930 for a total amount of $847, and during 1931 for a total of $494. During January, 1931, both halls were rented for a total of $82. The roof consisted of a deck or nearly flat surface covered with tin and on each side a sharp pitched surface inclined at forty-five degrees covered with slate twenty-eight feet in width, and at its lower edge there extended out about eighteen inches a projection. The eaves have an overhang of one and one half feet from the wall of the building and at the edge have an upward incline and are about forty feet above the ground. On the south side of the building and adjoining it for its entire length was a grass plot fifteen feet in width extending to a driveway running westerly from the street for one hundred eighteen feet to the rear of the hall and other buildings. The public had a right of ingress and egress over the driveway which was nineteen feet wide and was taken care of by the town. Separating the grass plot and town hall property from the driveway was an iron rail fence three feet in height erected to keep persons away from the building. There were no snow-guards on the roof of the building and there was no evidence that there ever had been any. The town hall and driveway have been in existence as thus described for over fifty years. There was testimony by a qualified building expert to the effect that usually snow-guards or rail-guards were put on a slate roof constructed as was that of the

town hall and that if such contrivances had been placed upon this roof it would have been impossible for snow to have gone off in a large mass. There was evidence that the plaintiff was struck and injured by an accumulation of snow, ice and slate falling from the roof of the town hall upon her, that on previous occasions there had been similar falls of such accumulations and that the officers of the town had knowledge of such events. Seasonable notice of the time, place and cause of her injuries was given by the plaintiff to the town. G. L. (Ter. Ed.) c. 84, § 21. There was no evidence that a similar notice was given by her husband. The trial judge denied a motion in each case for a finding in favor of the defendant. He ruled that a requested instruction to the effect that the maintenance of a town hall by the defendant was a public function was not applicable to the facts found. He denied a requested ruling that from the mere fact that the defendant rented a portion of the town hall at times for public entertainments and received a consideration therefor the public character of the defendant in maintaining its town hall was not lost and that no liability attached to the defendant arising from negligence of those in charge. The trial judge filed no findings of fact in writing but made a general finding in favor of each plaintiff. The exceptions of the defendant bring the cases here.

The general findings for the plaintiffs import findings of all subsidiary facts essential to that result so far as permissible on the evidence. *Adams* v. *Dick*, 226 Mass. 46, 52. *Erickson* v. *Ames*, 264 Mass. 436, 441.

The distinction between the liability of a municipality for negligence in the conduct of public business and its liability for negligence in the conduct of affairs undertaken in considerable part for income has been stated in numerous decisions. The principle is well settled. *Hill* v. *Boston*, 122 Mass. 344. *Bolster* v. *Lawrence*, 225 Mass. 387, where many cases are reviewed. It is not necessary to traverse that ground again.

Facts in the case at bar bring it clearly within the prin-

ciple enunciated in *Oliver* v. *Worcester*, 102 Mass. 489.
There the defendant was held liable for negligence in the
care of an excavation within the public common "in the
course of repairing and improving a building standing
within the common, used by the city principally for munic-
ipal purposes, but a substantial portion of which, both
before and after the time of the accident, the city leased,
and received rent for, either from private persons or from
the county, and which was therefore held and used by the
city, not for municipal purposes exclusively, but in con-
siderable part as a source of revenue." (Page 502.) The
circumstance that in the case at bar the revenue was ob-
tained from use by occupants from night to night and not
by lease is immaterial in the application of the governing
principle. To the same effect are *Neff* v. *Wellesley*, 148
Mass. 487, *Little* v. *Holyoke*, 177 Mass. 114, and *Kelmel* v.
*Holyoke*, 280 Mass. 433.

It is plain that the injury to the plaintiff arose in part
at least from snow or ice. There is nothing to indicate
that any slate except in connection with and because of
the snow and ice caused injury to the plaintiff. She gave
to the defendant a notice sufficient to comply with the
condition precedent to the establishment of her right of
action under G. L. (Ter. Ed.) c. 84, § 21. *Baird* v. *Baptist
Society*, 208 Mass. 29. The other plaintiff, her husband,
gave no notice to the defendant as the basis of his claim
for consequential damages arising from the personal inju-
ries sustained by his wife. It was decided in *Erickson* v.
*Buckley*, 230 Mass. 467, 472, that such notice was as much
a condition precedent to the maintenance of an action by
the husband for consequential damages such as here are
claimed as to the maintenance of an action by the wife
for direct personal injuries. This is a fatal defect in his
case, which cannot be cured. It follows that, since the
husband gave no notice, the motion for a finding for the
defendant in the action brought by him ought to have
been granted.

In the case of Irene E. Wood the exceptions are over-

ruled. In the case of Henry W. Wood the exceptions are sustained and judgment is to be entered in favor of the defendant. G. L. (Ter. Ed.) c. 231, § 122.

*So ordered.*