PUTNAM, C.J. (Carr, & Gillen, JJ.)
This action of tort for personal injuries arises out of an accident which happened on February 24, 1938, on a sidewalk of a public way which ran under an open work bridge of the railroad of which the de' fendants are the trustees, and the declaration recites that it was “due to the negligence and carelessness of the defendant, its agents, servants or employees, in allowing an artificial accumula' tian of ice and/or snow to accumulate on said sidewalk, the same coming from the property of the defendant”—.
The defendants seasonably presented certain requests for rulings which raised the question of the necessity, as a condition precedent to his recovery, of the plaintiff’s proving that he had given a notice under G. L. (Ter. Ed.) c. 84, sec. 21. These requests were denied. The report contains no evidence, and the declaration does not allege, that any notice was given. The trial judge found for the plaintiff. The only question argued before this division was as to the necessity of a notice.
There seems to be no occasion to review here at any length the scope and consequences of St. 1908, c. 305, which is now G. L. (Ter. Ed.) c. 84, sec. 21. It first came before the Supreme Judiical Court in Baird v. Baptist Society, 208 Mass. 29, decided in 1911. That court there said, “It is to be observed that this statute (St. 1908, c. 305) is not an amendment to R. L. c. 51, sec. 20 (now G. L. (Ter. Ed.) c. 84, sec. 18). It has no relation whatever to the statutory liability imposed by that chapter. So far as respects public streets it refers only to the common law liability for the creation of a nuisance therein, and gives to those liable at common law for defect in a public way the same right to notice as that to which theretofore those upon whom rested the statutory liability were entitled.”
Doubtless the defendants’ overhead bridge, carrying the tracks and right of way over Dudley Street, was constructed by official permission, and at official direction, in the course of a grade crossing abolition proceeding under G. L. (Ter. Ed.) c. 159, sec. 65 et seq or some predecessor statute, and conse' quently might be held not to be a nuisance per se. See Marshall *24 v. Holbrook, 276 Mass. 341, 346-7. However that may be, and assuming that this bridge with ice running down its pillars onto the sidewalk could be found to be a nuisance, it is plain that, under G. L. (Ter. Ed.) c. 84, sec. 21, the defendants were entitled to the notice provided for in that statute.
It was error to refuse to grant the defendants’ fifth, sixth and seventh requests for rulings, and there being no allegation or evidence that a notice was given, the order must be— Judgment for the defendants.

Appealed to Supreme Judicial Court.