Pettingell, P. J.
Action of tort to recover for property damage, the plaintiff’s motor vehicle, having skidded on ice on the road alleged to have been caused by water dripping from defendant’s trucks and freezing. The defendant’s answer is a general denial and contributory negligence.
The trial judge found that the defendant was engaged in an extensive sand and gravel business situate on both sides of Route 2, a heavily travelled arterial highway running through the towns of Littleton and Ayer. On the north side of the highway the defendant excavated sand and gravel which, by way of an under ground passage, crossing Route *72 2, it hauled to a washing plant on the south side of the highway where, after it was washed, it was placed in a stock pile near a private way on defendant’s land, the private way having two outlets on Route 2, one westerly and one easterly, of the washing plant. When sand or gravel was being trucked after having been washed, water would drip from the trucks and, when the weather was cold enougli, would freeze on the road/ At the time of the accident in question the plaintiff’s truck ran on a patch of ice which the trial judge found was caused by the defendant’s negligence, struck a tree and was substantially damaged, the trial judge finding that the plaintiff was in the exercise of due care. He found, however, that the plaintiff could not recover because he had given no notice as required by section 21 of Chapter 84 of the General Laws (Ter. Ed.)
The plaintiff filed six requests for rulings all of which were given except the fifth, which was: “5. The evidence warrants a finding for the plaintiff.”
The defendant filed two requests for rulings, each of which was given. These are: “1. Giving- notice to the defendant under the provisions of G. L. C. 84 S. 21 is a condition precedent to recovery in this action. 2. The evidence does not warrant a finding that notice was given the defendant in accordance with G. L. C. 84 S. 21.”
There was a finding for the defendant.
G. L. (Ter. Ed) section 21 is as follows:
‘ ‘ 21. NOTICE TO OWNER OF PRIVATE PROPERTY. — The three preceding sections, so far as they relate to notices or injuries resulting from snow or ice, shall apply to actions against persons founded upon the defective condition of their premises, or of adjoining ways, when caused by or consisting in part of snow or ice; provided, that notice within thirty days after the injury shall be sufficient, and that if by reason of physical or mental incapacity it is impossible *73 for the injured person to give the notice within thirty days after the injury, he may give it within thirty days after such incapacity has been removed, and in case of his death without having been for thirty days at any time after his injury of sufficient capacity to give the notice, his executor or administrator may give the notice within thirty days after his appointment. Such notice may be given by posting it in a conspicuous place on said premises and by leaving it with any person occupying the whole or any part of the said premises, if there be such a person, and no such notice shall be invalid by reason of any inaccuracy or misstatement in respect to the owner’s name if it appears that such error was made in good faith and did not prevent or unreasonably delay the owner from receiving actual notice of the injury and of the contention that it occurred from the defective condition of his premises or of a way adjoining the same. ’ ’
The sole issue in the case is whether under the provisions of Q-. L. (Ter. Ed.) e. 84, section 21, a notice by the plaintiff to the defendant was required. If a notice of the ldnd prescribed by C. 84, sections 18, 19, and 20, was required to be given within thirty days after the injury, was not given and not pleaded in the plaintiff’s declaration, the plaintiff cannot recover. Baird v. Baptist Society, 208 Mass. 29, at 32. Klein v. Boston Elevated Railway Co., 293 Mass. 238, at 241.
The opening words of Section 21 are “NOTICE TO OWNER OF PRIVATE PROPERTY”, and the section then goes on to state that it applies “to actions against persons founded upon the defective condition of their premises, or of adjoining ways, when caused by or consisting of snow or ice.”
We are aware of no case which has decided what the words “of adjoining ways,” means, but in De Prizio v. F. W. Woolworth Co., 291 Mass. 143, at 146, the Supreme Ju *74 dicial ¡Court discusses this situation among other features of the section, as follows:
“There are many cases where the statute has been held applicable to defective conditions existing upon land of an owner abutting on a public way and upon the outside portions of structures thereon. The statute applies to defective conditions existing on areas which are provided for persons to walk upon, such as walks leading from a building to the street. O’Donoughe v. Moore, 208 Mass. 473, and outside stairways and platforms, Paszowski v. Stoney Brook Paper Co., 210 Mass. 86; Erickson v. Buckley, 230 Mass. 467; Urban v. Simes, 259 Mass. 336, but it is not limited to defective conditions located in areas used for foot travel. Within the compass of the statute there is a defective condition on the roof of a building if snow or ice collects which later falls and strikes a passerby. Baird v. Baptist Society, 208 Mass. 29. Tobin v. Taintor, 229 Mass. 174, O’Neil v. Squire, 230 Mass. 294. See also Wood v. Oxford, 290 Mass. 388.”
The Court then went on to decide that the statute applies to cases of snow and ice within a building.
Furthermore, at page 147, there is this language.
“The statute deals with snow and ice. It covers both land and building's. It imposes no limitations upon the cause of the presence of the snow or ice. The natural implication is that it applies to all snow and ice made the basis of action, whether inside or outside the building and whether of natural or artificial origin.”
De Prizio v. F. W. Woolworth Co., supra, also calls attention to one point which is important in considering the nature and interpretation of the statute. The court says, at page 145,
‘ ‘ The statute did not create a liability on the part of an owner of real estate for a defective condition existing thereon; that liability rests on common law principles. It manifestly puts a limitation on the com *75 mon law right of a person injured through a defective condition consisting in part of snow or ice and existing on some portions at least of an owner’s real estate.”
■ The court does not say so, but the statement it makes logically applies also to defective conditions for which an owner is responsible in a way adjoining his premises. In Baird v. Baptist Society, 208 Mass. 29, at pages 31 and 32 the court said:
“At the time of the passage of this statute (St. 1908, c. 305, now G-. L. (Ter. Ed.) c. 84, section 21) there were two kinds of liability for damages suffered by a traveller through a defect in a public way, the one created by statute, the other existing at common law. The first was imposed upon only such parties as were charged by law with the duty of keeping the ways in proper condition and was based upon a neglect to perform that duty. The second rested upon parties by whose acts, positive or negligent, a defect was created in the way.
“It may be contended that, so far as respects the defective condition of the premises, the statute under consideration applies only to such defects on private property as render insecure the footing of the traveller thereon. But we think that is too narrow a construction. It is to be observed that this statute is not an amendment to R. L. c. 51, Section 20. It has no relation whatever to the statutory liability imposed by that chapter. So far as respects public streets it refers only to the common law liability for the creation of a nuisance therein, and gives to those liable at common law for defect in a public way the same right to notice as that to which theretofore those upon whom rested the statutory liability were entitled.
“But the statute does not stop with public streets, nor does it by express language name streets at all except ‘an adjoining way.’ It goes farther and declares that the notice shall be given in cases where there is a defective condition of the premises. Now the common law liability for a defect in the premises is not confined to cases where the defect is in a private way, but may extend to any defect whereby an employee, visitor or *76 stranger may be injured. * * * In view of the comprehensiveness of the language of the statute, and the manifest purpose of its enactment it must be held that its scope is not limited to defects in ways, public or private, for which a person or corporation may be answerable at common law but extends to any defect upon the premises. ’ ’
Baird v. Baptist Society, supra, was an action to recover for injuries received by the fall of snow from the roof of a church building upon the plaintiff walking by the building. The declaration was demurred to because it contained no allegation of notice under the statute. The plaintiff excepted and the Supreme Judicial Court sustained the demurrer.
At common law there were several reasons why an abuttor was liable to one injured upon an adjoining way because of a defective condition of the abuttor’s premises. One owning land abutting on a way may be liable for the fall of parts of a building or other articles upon persons below or because of a defective condition of his premises for which he is responsible. Salisbury v. Hershenroder, 106 Mass. 458. Gray v. Boston Gas Light Co., 114 Mass. 149: Khron v. Broch, 144 Mass. 516. Dalay v. Savage, 145 Mass. 38. Mahar v. Steuer, 170 Mass. 454. Rockport v. Rockport Granite Co., 177 Mass. 246. Green v. Nightingale, 211 Mass. 273. Green v. Cangianis, 217 Mass. 1. Gove v. Lynch, 226 Mass. 153. Woodman v. Shepard, 238 Mass. 196. Andresen v. Lexington, 240 Mass. 517. McCarthy v. Thompson Square Theatre Co., 254 Mass. 373. Agnew v. Franks, 255 Mass. 539. Navien v. Cohen, 268 Mass. 427. Conley v. Joslin, 269 Mass. 378. Harrington v. Alessi, 269 Mass. 433. Hunt v. Lane Brothers Co., 294 Mass. 522.
Abutting owners have been held responsible also for injuries caused by ice and snow conditions due to their negli- . gence, or constituting a nuisance, either snow7 falling from *77 buildings, or icy sidewalks. Kirby v. Boylston Market Association, 14 Gray 249. Shipley v. Fifty Associates, 106 Mass. 194. Shepard v. Creamer, 160 Mass. 496. Cavanagh v. Block, 192 Mass. 63. Haynes v. Brewer, 194 Mass. 435. Field v. Gowdy, 199 Mass. 569. Baird v. Baptist Society, 208 Mass. 29. Marston v. Phipps, 209 Mass. 552. Connors v. Richards, 230 Mass. 436. Solomon v. Weissman, 265 Mass. 413. Troy v. Dix Lumber Co., 300 Mass. 214. Lameraus v. Tula, 312 Mass. 359, at 362.
We are much impressed by what the Supreme Judicial Court states in Baird v. Baptist Society, supra., regarding the intent of the legislature “So far as respect public streets, it refers only to the common law liability for the creation of a public nuisance therein and gives to those liable at common law for defect in a public way the same right to notice as that to which theretofore those upon rested the statutory liability were entitled.”
The cases which have been cited demonstrate that there is a considerable body of law regarding the common law liability of abuttors on the highway as to which no notice would be necessary in snow and ice cases if Section 21 of Chapter 84 were not applicable. There would then be a situation that in some cases notice was a necessity and in others not. The statute and the decision in Baird v. Baptist Society, supra, makes notice in snow and ice cases a condition precedent to bringing an action, whether or not the liability is statutory or at common law. The only case not covered by the statute is one arising on a highway not adjoining the defendant’s premises.
This Division had before it in 1943 the case of Mone v. Gage, reported in Massachusetts Appellate Division Reports, Vol. 8, page 27. In that case, the employees of the defendant’s ice truck spilled three baskets of chopped ice on the highway into which a passing automobile drove *78 causing a piece of the ice to fly and strike the plaintiff. The trial judge ruled that the plaintiff could not recover not haying complied as to notice with the provisions of G. L. (Ter. Ed.) C. 84, Sections 18 to 21. In that ease we found his ruling as to the necessity of notice to be error and ordered a new trial.
That case differs from the instant case because there was no evidence that the highway where the ice was spilled adjoined any premises of the defendant.
In the present case, however, the defendant owned and occupied in his business premises on both sides of Route 2. Gravel and sand were excavated on one side of the highway, transported for washing to the other side and placed in stock piles on a private road. The gravel and sand were then removed for delivery and trucks carried it, via the private road, to Route 2. As the trucks proceeded the moisture from their wet loads dropped along the way, in cold weather causing ice on Route 2.
The liability of the defendant was a common law liability for negligently causing ice to form on a highway. The highway was adjoining the premises of the defendant. In our opinion, Section 21 of Chapter 84 applies to the circumstances' and the notice called for by section 21 is a condition precedent to the action and must be given and pleaded.
No prejudicial error appearing, the report is to be dismissed.